## William R. Sirrine v. Thomas H. Briggs.

*Mortgaged chattels: Sale by mortgagee in possession: Vendee: Possession.* A sale and delivery of mortgaged chattels by the mortgagee when he was in lawful possession by virtue of a voluntary surrender by the mortgagors, would transfer all his rights as mortgagee, and this would entitle his vendee to take and retain possession, as against the mortgagors at least, until the mortgage debt was paid or tendered.

*Chattel mortgages: Mortgagee in possession: Transfer: Execution: Levy.* Whether a sheriff under such circumstances would be justified in making a levy on the goods by virtue of an execution against the mortgagors:—*Quære?*

*Levy upon partnership stock to satisfy individual debt.* A sheriff cannot levy on specific articles of partnership stock to satisfy an execution against only one of the partners. The levy should be on the partner's interest in the whole stock.

*Alterations or interlineations in documentary evidence.* An alteration or interlineation in an instrument, unless suspicious in appearance, is presumed to have been made before the execution of the paper: if so, it does not prevent the admission of the paper in evidence.

*Parol evidence of sale: Written contract.* If actual sale and transfer of possession of personalty be shown, the writing by which the sale was perfected need not be put in evidence in a case where the terms of the agreement are not material; and though such writing is admissible, it cannot exclude parol evidence of the transaction.

SIRRINE *v.* BRIGGS.

*Evidence of value: Clerk: Price lists.* Testimony as to value of goods levied upon, from a clerk who has been employed for some time in selling them, and might therefore be presumed to have some knowledge of current rates in the business, was held admissible, even though it appeared that he had based his estimates on "price lists," *i. e.,* such market lists as dealers are governed by in their transactions.

*Heard April 8. Decided April 13.*

Error to Van Buren Circuit.

*Richards & Barnum* and *C. L. Fitch,* for plaintiff in error.

*Lester A. Tabor,* for defendant in error, was stopped by the court.

COOLEY, J.

The controversy in this case relates to a stock of merchandise formerly belonging to the firm of Taylor and Beebe, merchants, and by them mortgaged to James Tillou. The mortgage being unpaid and due, Tillou, with the consent of the mortgagors, took possession, and while in possession, Taylor, one of the firm of Taylor & Beebe, in their name executed to him a paper purporting to transfer to him the interest of the firm in the goods, in consideration of the discharge of the mortgage and of the payment by Tillou of one thousand dollars on the debts of said firm. Subsequently Tillou sold to Briggs, who took possession, and while he was in possession, Sirrine, as sheriff of the county of Van Buren, levied upon a portion of the stock by virtue of an execution against the firm of Kelsey & Beebe, of which Taylor's partner was a member. It is for making this levy that Briggs brought suit against Sirrine in the court below.

The principal controversy in the case appears to have been whether the transfer by Taylor in the name of Taylor & Beebe to Briggs, was within the implied authority of a partner, and could transfer any title to the stock without the consent of Beebe. This question does not appear so important to us as it was thought to be by counsel.

Whether that instrument was valid or not, Tillou, as mortgagee, had lawful possession, and when he sold to Briggs, he at least transferred all his rights as mortgagee, and this would entitle the latter to take and retain possession until the mortgage debt was paid or tendered. The mortgagors could not take from him a possession they had voluntarily surrendered to his assignor, and if the sheriff, under the circumstances, could have been justified in making a levy on the goods by virtue of an execution against the mortgagors,—which we do not decide,—it is plain that he could not, by virtue of an execution against only one of the partners, proceed to levy, as he did, upon specific articles of the stock only. The levy in such a case must be upon the partner's interest in the whole stock, for the only individual interest he has is his share in what shall remain after the partnership debts are paid and the accounts between the partners adjusted.—*Gibson v. Stevens, 7 N. H., 352: Church v. Knox, 2 Conn., 523 ; Brewster v. Hammet, 4 Conn., 540 ; Ex parte Smith, 16 Johns., 102 ; Waddell v. Cook, 2 Hill, 47.*

Exception was taken to the introduction of the chattel mortgage in evidence, on the ground that a suspicious alteration appeared on its face which was not explained. The judge held an explanation not necessary. The original mortgage is not produced here, and we cannot therefore inspect it. We cannot presume error, and must therefore suppose that any alteration apparent on its face was not, in the opinion of the circuit judge, suspicious in appearance, and if so, he ruled correctly in receiving it in evidence. Unless they are suspicious in appearance, alterations or interlineations are presumed to have been made before the execution of the instrument, not afterwards.—*Beaman's Adms. v. Russell, 20 Vt., 213 ; Bailey v. Taylor, 11 Conn., 531; Simpson v. Stackhouse, 9 Penn. St., 186 ; McCormick v. Fitzmorris, 39 Mo., 34.*

It was also objected that the sale from Tillou to Briggs was allowed to be shown without the production of the

writing by which it was perfected; it having appeared that a writing was given. But it was not necessary to put the writing in evidence, or to do any thing more than to show the actual sale and transfer of possession from Tillou to Briggs. No question could possibly arise upon the terms of the arrangement between them; and the writing, though admissible, could not exclude parol evidence of the transaction.—*Picard v. McCormick, 11 Mich., 68; Rowe v. Wright, 12 Mich., 289.*

We think the court did not err in refusing to strike out the evidence of Flummerfelt. This witness was called to testify to the value of the goods; and on cross-examination it appeared that he based his estimates on price lists. Precisely what these are does not distinctly appear from the bill of exceptions, but we suppose the witness referred to such market lists as dealers are governed by in their transactions. There is nothing in the record to indicate that the knowledge of the witness was not ample, and as he was a clerk employed in selling the goods for some time before Sirrine made his levy, some knowledge of current rates in the business may fairly be presumed. The case seems to be within *Sisson v. Cleveland & Toledo R. R. Co., 14 Mich., 489; Comstock v. Smith, 20 Mich., 342; Worthington v. Hanna, 23 Mich., 535; Platt v. Brand, 26 Mich., 175.*

These views cover all the points we deem material. The judgment must be affirmed, with costs.

CAMPBELL, J., and GRAVES, CH. J., concurred.