## Isaac Haynes v. Roswell Knowles and another.

*Jurisdiction: Return: Amendment: Discontinuance.* The query is suggested, whether it is competent under any circumstances to amend a return on which jurisdiction over property depends, after the suit has been discontinued.

*Return: Amendment: Notice.* A return cannot be amended in matters affecting the jurisdiction without notice to the parties to be affected by it.

*Officer: Misconduct: Return: Ex parte amendment.* An officer who is sued for misconduct in office cannot, pending the trial, manufacture evidence for himself by an *ex parte* amendment of his return covering the official action which is the basis of the suit against him.

*Attachment: Levy: Partnership property: Individual interest.* There is no room for a presumption that a levy of an attachment running against the goods and chattels of one member of a firm, upon specific partnership property, item by item, the appraisal being made in like manner, is a levy upon the partnership interest only of the defendant in the writ.

*Attachment: Partnership property: Individual interest: Specific chattels.* A levy on the interest of a partner, if it can be made at all under an attachment, cannot be made on specific chattels. Such a levy is a trespass.

*Attachment: Individual interest: Firm property: Joint action.* The unlawful levy of an attachment against one member of a firm on specific chattels of the firm is injurious to both partners, and may therefore be the subject of a joint action and give rise to a joint judgment, where the injury is tangible and the property disturbed or destroyed.

*Damages: Destruction of business.* And damages in such case for the destruction of the business are allowable.

*Submitted on briefs April 13.    Decided April 24.*

Error to Superior Court of Grand Rapids.

*Godwin & Reeves* and *Blair, Stone & Kingsley,* for plaintiff in error.

*Hughes, O'Brien & Smiley,* for defendants in error.

CAMPBELL, J:

Haynes was sued for the conversion of the partnership property of Knowles & Littlefield and for breaking up their business by its seizure and retention without right.

His justification was a levy under a writ of attachment directed against Lon P. Littlefield, under which he made the seizure in question. The plea was the general issue, without any special notice. The property seized was hides, meat, fresh and salt, and a lot of articles used in carrying on a market. The evidence tended and was found by the jury to show a complete ouster of both parties and the entire destruction of their business.

The evidence introduced further showed a levy on all the specific property, item by item, and its appraisal in the same way, on the 10th of April, 1875, under the attachment in question.

The defense controverted some of the facts shown by the plaintiffs, and also undertook to show an amendment made by the sheriff of his own return, under an *ex parte* order of the court issuing the attachment, the averment as amended being, that he levied on "all the interest of Lon P. Littlefield in all the partnership property and goods of the firm of Knowles & Littlefield, a copartnership composed óf said defendant and one Roswell Knowles," etc. The original return made no mention of any partnership interest, nor did the appraisal.

This amendment was made and applied for on the same day, December 13, 1876, while the present suit was on trial, and without notice to any one; and the affidavit, which was entitled in the original attachment suit, showed that the suit had been discontinued long before.

The court rightly excluded this testimony. If it is possible under any circumstances to amend a return on which jurisdiction over property depends, after the suit has been discontinued, it certainly cannot be done in any case without notice to the parties to be affected by it.—*Montgomery v. Merrill, 36 Mich. R., 97.* But the idea that a person who is sued for misconduct in office can be allowed, pending his trial, to manufacture *ex parte* evidence for himself, is preposterous. The amendment is inconsistent and legally false, because the appraisal still stands in contradiction of it, showing that the appraisers valued the entire property item by item; and this appraisal, which is required to conform to the levy, was served on the defendant in attachment, with the writ.

We cannot quite understand how the court was induced to hold that under the original return the presumption was that the levy was only made on the partnership interest. But this error was in favor of the present plaintiff in error, and the jury came to the conclusion, nevertheless, that the seizure and ouster from the whole property were fully made out, as we think they were quite right in finding. The property having been burned up, the loss became complete.

36 MICH.—52.

HAYNES *v.* KNOWLES.

Such a levy cannot be justified. A levy on the interest of a partner, as intimated in *Sirrine v. Briggs, 31 Mich. R., 443,* if it can be made at all under an attachment, cannot be made on specific chattels. Such a levy is a trespass. The partner not sued cannot on any principle of justice be placed in any worse condition by a creditor of his partner than he could have been by his own partner. To have partnership business interrupted and broken up by a sheriff's interference on *mesne* process, when it may turn out, as it did in this case, that no final judgment will be rendered against the defendant in attachment, is a result so unjust and destructive of valuable rights, that it does not commend itself. The machinery of our attachment laws, especially concerning appraisements, is not adapted to such seizures. The hopeless confusion in the authorities as to the manner and effect of levies on partnership interests, shows the difficulty of finding any safe rule to govern them, and we are not called upon to attempt it in the present case. It is clear that such a levy as was here made cannot be justified.

The trespass made by an unlawful levy is injurious to both partners, and may therefore be the subject of a joint action, where the injury is tangible and the property disturbed or destroyed. There is no objection, therefore, either to a joint suit, which was not objected to here, nor to a joint judgment, which was objected to. Littlefield was as much damnified as Knowles, as his business was destroyed, and his property was not returned to him when the attachment was dissolved; and we are not concerned with any speculative questions which might have arisen had the levy been regular, and the property preserved.

The damages allowed for the destruction of the business come clearly within the rule in *Chandler v. Allison, 10 Mich. R., 460;* and *Allison v. Chandler, 11 Mich. R., 542.*

The judgment must be affirmed, with costs.

The other Justices concurred.