JACOB N. HILL v. CHARLES L. GOODRICH.

*Evidence of consideration for assignment.*

In an action to recover money collected on a mortgage that had been assigned by plaintiff to defendant, evidence is admissible tending to show whether the assignment was absolute or not, and on what consideration it rested.

Error to Allegan. Submitted June 29. Decided Oct. 29.

ASSUMPSIT. Plaintiff brings error.

*Brown, Howard & Roos* for plaintiff in error. One who assigns a mortgage as security can recover from the assignee the surplus received by him on foreclosure beyond the amount due to him, *Hoyt v. Martense,* 16 N. Y., 231; *Batty v. Snook,* 5 Mich., 231; *Enos v. Sutherland,* 11 Mich., 539; *Cornell v. Hall,* 22 Mich., 377.

*Padgham & Padgham* for defendant in error.

GRAVES, J. Hill sued Goodrich in March, 1876, to recover certain moneys Goodrich had previously received on a mortgage transferred to him by Hill in January, 1870. The case was tried by the court and judgment entered for defendant on a special finding of facts. The question of importance was whether the transfer was absolute, or simply as security for demands Goodrich held against Hill. Goodrich insisted it was absolute; and Hill that it was only as security for said demands, and that Goodrich received upon the mortgage a large surplus and refused to account for it.

Hill produced a paper signed by Goodrich, and bearing date on the same day as the assignment, which provided in terms that the assignment should only be absolute in case Hill should fail to pay certain notes within some three days, but Goodrich claimed that the transaction remained open during this time and was then closed on an understanding that this paper was suppressed, and that the assignment was absolute.

The final issue was of course upon the actual owner-ship of the money derived from the mortgage, but its fate largely depended upon whether this paper produced by Hill was left in force as a part of the transaction or was superseded and rendered nugatory. The disagree-ment of the parties was very positive, and a proper explanation of the case required an inquiry as to the nature and amount of the consideration for the assign-ment and an examination of the surrounding facts, and of such conduct of the parties as would conduce to show whether they regarded the transfer as absolute or other-wise. The plaintiff gave some important evidence of this kind. One portion, though objected to, seems to have been received without exception. The testimony elicited from Goodrich by questions which were objected to was not improper. It went to show what the con-sideration of the assignment was and to unfold the entire transaction from end to end. No rule of evidence was infringed. This is manifest from our own decisions. *Fuller v. Parrish*, 3 Mich., 211; *Bowker v. Johnson*, 17 Mich., 42; *Cornell v. Hall*, 22 Mich., 377; *Seaman v. O'Hara*, 29 Mich., 66; *Sirrine v. Briggs*, 31 Mich., 443; *Trevidick v. Mumford*, id., 467.

The letters objected to were admissible. They proved that Hill was trying to buy the mortgage of Goodrich more than two years after the assignment. This was certainly very strong evidence that he considered Good-rich to be the owner, and that the security was not held subject to his right to redeem.

The finding is conclusive against Hill. It decides that the transfer was absolute and of course negatives his right to claim any of the proceeds of the mortgage. And the evidence in the bill of exceptions would seem to fully justify the finding.

There is nothing in the case to warrant particular discussion.

The judgment should be affirmed with costs.

The other Justices concurred.