## LEE C. HUTCHINSON v. AMASA DUBOIS.

*Execution for individual's debt not leviable on joint property—Replevin by single partner for firm property.*

An execution for an individual debt cannot be levied on specific articles of property in which defendant's only interest is that of a partner or joint owner.

One partner has presumptively an equal interest with another in the partnership property and an equal right to share in it when the partnership is dissolved; it is not, however, an interest in specific articles, but in the surplus that remains after the firm debts are paid, and as he has no separate property in the assets of the firm, his share is not separable from that of his partner, and is subject to the final adjustment of accounts between the partners themselves, when it may amount to little or nothing.

If an execution against a partner for his individual debt can be levied at all on partnership property, it can be levied only on his interest in it, subject to all partnership debts and to the final accounting between the partners.

A partner is not merely part owner of the partnership property; he has an entire as well as a joint interest in the whole of it, and is in some sense a trustee of the partnership assets as a trust fund for the payment of creditors. One partner is, therefore, entitled to bring replevin for the whole property if it is seized on execution for the individual debt of another.

A jury cannot guess at a fact if the evidence furnishes no basis for a judgment thereon.

Error to Ingham. Submitted Nov. 10. Decided Jan. 5.

REPLEVIN. Defendant brings error. Affirmed.

*M. V. & R. A. Montgomery* for plaintiff in error.

*Smith & Smith* and *J. C. Shields* for defendant in error.

COOLEY, J.   In the circuit court, where the positions of the parties were reversed, Dubois had brought replevin for a number of horses, carriages and other property constituting a livery stock in Williamston, and he gave evidence tending to show that he was sole owner of all the property at the time the suit was commenced; that a few days previously the defendant seized it and took it out of his possession and removed it from the barn and premises where it had constituted the stock of a livery for some three years, to another barn some thirty rods away, on another street, and had and exercised exclusive control over it, and refused to deliver it to plaintiff on demand.

The defendant justified as deputy sheriff under a judgment and execution against one Van Etten, by virtue of which he had made a levy upon the property, and he gave evidence tending to show that Van Etten "had an interest in such property as a partner or part owner with the plaintiff." And the evidence being closed the defendant requested the court to charge the jury that "if the defendant in the execution, Van Etten, owned any undivided portion of the property replevied when the execution was levied, the verdict must be for the defendant." The court declined this request, and instructed the jury that the plaintiff, if sole owner, was entitled to recover, and that he was also entitled to recover even though Van Etten had an interest in the property, at the time of the levy, as a partner or joint owner with the plaintiff. Under this instruction the plaintiff had judgment.

It is to be observed that defendant did not give evidence tending to show that Van Etten was tenant in common with the plaintiff in the livery stock, nor evidence tending to show that he was partner with the plaintiff. He aimed to show that he was one or the other, but without distinguishing which, and the jury had no basis for determining that Van Etten was tenant in common rather than partner, or partner rather than tenant in common. At most the jury could only .

say he had an interest of some sort, if they believed the defendant's evidence; but it was not their province to guess what the interest was when the evidence afforded no basis for a judgment. The defendant, therefore, has no ground of complaint of the instructions unless it shall appear that whether Van Etten's interest was that of tenant in common or of partner a levy might be made and possession taken as was done in this case.

There is no doubt whatever that if Van Etten had an interest it was subject to his debts. The question is, how it may be reached. If he was a partner, he was presumptively an equal partner with Dubois, and had an equal right to share with him in the property when the partnership should be dissolved. But his interest would not be an interest in the specific articles belonging to the firm, but only an interest in the surplus that should remain after the debts of the firm were paid. *Hankey v. Garratt* 1 Ves. Jr. 236; *Taylor v. Fields* 4 Ves. 396; *Skipp v. Harwood* 2 Swanst. 586. Meantime his share is not separable from the share of his copartner, for he has no separate property in the assets of the firm. *Newman v. Bean* 21 N. H. 93, 98. His share is also subject to the final adjustment of accounts between the partners themselves. *Sirrine v. Briggs* 31 Mich. 443. And it may appear on that accounting that his interest is insignificant, or is nothing.

If any levy of an execution upon such an interest can be made, it must be so made and enforced as to protect all rights of others. One man's interest must not be sacrificed because another who is associated with him in business happens to be in debt. Specific chattels must not be taken on the execution, because the specific chattels are owned by the firm and not by either of the partners. *Gibson v. Stevens* 7 N. H. 352; *Morrison v. Blodgett* 8 N. H. 238; *Treadwell v. Brown* 43 N. H. 290; *Brewster. v. Hammet* 4 Conn. 540; *Matter of Smith* 16 Johns. 102; *Wiles v. Maddox* 26 Mo. 77. The utmost extent of the officer's right—if he can levy at all—must be, to seize the interest of the partner, whatever it may be, subject to all the partnership debts and to the

final accounting. *Church v. Knox* 2 Conn. 514; *Tappan v. Blaisdell* 5 N. H. 193; *Sirrine v. Briggs* 31 Mich. 443; *Reinheimer v. Hemingway* 35 Penn. St. 432 ; *Knerr v. Hoffman* 65 Penn. St. 126. Whether in such a case the accounting should not be had before a sale, or whether on the other hand the officer might at once proceed to sell that which he has levied upon, namely, the undivided, unsettled and undetermined interest of the judgment debtor, is a question that has troubled many courts before this case arose, but which is not involved in this case and will not be discussed until a record is before us presenting it, and counsel have had an opportunity to be heard upon it.

The sheriff in this case seized and took possession of specific articles and removed them altogether from plaintiff's control. It seems probable, though the evidence does not distinctly show, that he took possession of the whole livery stock, and broke up the plaintiff's business. But whether he took the whole or only part is immaterial; in either case he seized specific articles when he had a right to seize an undivided and indefinite interest only. He did this also in total disregard of the plaintiff's rights; for whereas the judgment debtor as partner could only have had joint possession with the plaintiff, the officer, levying on his right, assumed to take exclusive possession and remove the property to another place. As was said by Mr. Justice Campbell in *Haynes v. Knowles* 36 Mich. 407, 410 : " The partner not sued cannot on any principle of justice be placed in any worse condition by a creditor of his partner than he could have been by his own partner." At most for the purposes of his writ the officer only takes the debtor's place, and seizes an interest that can only be measured by final account. *Vandike v. Rosskam* 65 Penn. St. 330.

But it is said that if this be admitted the action must still fail, for the plaintiff is but part owner, and only one having ownership of the whole may bring replevin. The mistake here is in supposing a partner to be merely a part owner. Each partner " has an entire as well as joint interest in the whole of the joint property. A levy, then, to affect the

interest of a partner, cannot touch a specific proportion of the goods, nor the whole, because others have property in every part, as well as the whole, coupled with a right, resting in contract, to use them for the purposes for which the partnership was instituted." *Deal v. Bogue* 20 Penn. St. 228, 233. And see *Atkins v. Saxton* 77 N. Y. 195. Moreover the partnership assets constitute a trust fund for the payment of creditors, and each partner is in a sense trustee of the fund until the creditors themselves intervene. If Van Etten is a partner, it might perhaps have been proper to join him as plaintiff in the case, but Dubois does not concede that Van Etten has any interest whatever, and therefore could not join him. There is no plea of non-joinder, and the plaintiff, if he recovers, and if in fact he is a partner, will hold the property as he did before, in trust for the parties whose claims are paramount to those of the creditors of either partner. *Newman v. Bean* 21 N. H. 98.

How far the case would be different if Dubois and Van Etten were tenants in common is immaterial.

The judgment must be affirmed with costs.

The other Justices concurred.