JAMES A. LAMBERT v. ABNER J. GRIFFITH ET AL.

*Partnership interest—Settlement on dissolution.*

A partner's interest in a firm consists usually, if not always, in his share of the assets after all accounts are settled among the partners and all debts paid.

Where a credit to a partner appeared upon the books of the firm and was distinctly ascertained, it was regarded as having been included in the partnership settlement, which was evidently meant to leave nothing unprovided for.

An indemnifying bond given by a firm to a retiring partner is intended to secure him against debts of the firm to third persons on which he might be held liable if the firm did not pay them. It would not be regarded as meant to cover a credit to the partner himself on the books of the firm, as that would be a debt to himself for which he was himself in part responsible as partner.

Appeal from Berrien. (A. J. Smith, J.) April 5.—April 11.

FORECLOSURE bill. Complainant appeals. Dismissal affirmed.

*James Brown* and *Henry F. Severens* for complainant.

*George S. Clapp* and *Edward Bacon* for defendants.

CAMPBELL, J.   This is a foreclosure bill to collect on a mortgage of $8000, given in place of an indemnity bond, an alleged debt of $999.52, claimed to have been due from the former firm of Griffith & Co. to Lambert, the retiring partner, under certain transactions which, in other forms, have been litigated in this Court heretofore.   The facts relevant to the present issue, so far as they relate to the origin of the demand, are these :

In 1872, Lambert, Abner J. Griffith and John Rice became partners, and, among other things, Lambert was to keep the books.   In August, 1873, the firm was dissolved, and the conditions of dissolution provided as follows : Lambert was to transfer to Rice & Griffith all of his interest in the effects of the firm, and surrender a note of $4000 due him from the firm ; Rice & Griffith were to pay all firm debts, and indemnify Lambert by a bond for $8000, (in lieu of which the mortgage in suit was made,) from all claims and demands against the firm, including a note held by Rice.   They were also to pay him $4000, of which $1400 was provided for by a note, with a surety and collaterals, and $2600 secured by mortgage from Rice.   From this $4000 was to be deducted any amount received by Lambert for the firm, and not accounted for.   On the other hand, he was to have added to his claim any amount paid out by him to the firm, and not credited.

The $2600 mortgage has been foreclosed, and on that foreclosure the present demand (of $999.52 and interest) was excluded as not within its terms.   It is now claimed that this Court recognized its validity as a demand due by the firm to Lambert, because in the opinion of the court it was said to have been properly rejected for the reason given by the circuit court commissioner.   44 Mich. 69.

The commissioner rejected it because it appeared fully on the books as entered by Lambert, and therefore could not be brought within the language, "said party of the first

part has paid out and not credited himself with on the books." The commissioner's view of its validity as a claim outside of the mortgage had nothing to do with the matter before him, or with the reasons for rejecting it from the $2600 mortgage which were approved by this Court. It was not a matter into which we were called on to inquire, and we have in no way considered its existence heretofore. The present record brings it up as a new question.

The present record presents two main questions, viz: *First*, is this a claim covered by the indemnity mortgage as a debt, claim or demand against the firm? and *second*, if so, has the land covered by the mortgage been so dealt with as to discharge it? This second question arises out of the release of all the land except a parcel owned by the defendant De Mott, without his knowledge or consent, after his purchase, and out of assurances given by Lambert that no such claim as the present was included.

We have not been able to discover any sufficient ground for regarding this claim as coming within the mortgage, or as existing. In our opinion the transactions on the dissolution are inconsistent with it. The interest which a partner has in a firm consists usually, if not always, in his share of the assets after all the accounts are settled among the partners, and all debts paid. This $999.52 appeared distinctly on the books, and must necessarily have formed a part of any such accounting. The agreement provided expressly for his surrendering a negotiable note of $4000 which he held, and which might otherwise have been negotiated. It provided that he should have security for the $4000 which was reckoned as the value of his interest after settlement according to the books, and for any additional sum due him not credited. It provided for a bond, and not a mortgage, to indemnify him against firm liabilities. It is evident nothing was intended to be left unprovided for.

There is no conceivable reason why, when he was receiving mortgage security for the money to be paid him by Rice & Griffith, and specific credit was allowed, with time fixed for making such payment, he should fix no time

and make no conditions concerning the payment and security in the same way of this sum also. It was, if a valid debt at all, as distinctly ascertained as possible, and as important to have secured. No reasonable construction could add it to the $2600 mortgage, and it was still more repugnant to the notion of an indemnifying bond, for he needed no indemnity against himself, and it would be a forced construction to include a claim due to himself by himself and others in such an instrument. No doubt the conduct of the parties might in some cases give a practical construction to the contrary of the natural one, but we find no satisfactory proof of such conduct.

Construing the dissolution arrangement by its natural purport, we think it clear that this alleged debt belonged to the partnership accounting and was included in the completed settlement, and that the debts to be provided for under the indemnity bond were debts due to third persons, on which he would have been liable if unpaid. We find nothing which induces us to believe that any other idea then existed in the minds of the contracting parties, and nothing to indicate that the settlement was not a reasonable one on that basis. We think that construction should prevail.

The other questions become immaterial. The bill was properly dismissed, and the decree must be affirmed with costs.

The other Justices concurred.