GEORGE HANSELMAN v. JAMES E. DOYLE ET AL.

*Set-off—Bills and notes—Evidence—Notice to produce papers.*

1. A claim for the amount remaining unpaid on a promissory note, which the payee surrenders to the maker on payment of the balance due thereon, which amount the maker agrees to pay, is a proper subject of assignment under the statute; and where, in such a case, the payee assigns such claim to a firm of which he is a member, the assignees can set it off in an action of *assumpsit* brought against them by the maker.

2. The better practice is to give notice to produce papers in the possession of the opposite party before entering upon the trial, but the reasonableness of the notice depends upon the circumstances of each case, and is a matter for the court.

3. A note which has been surrendered to the maker upon his agreement to pay the balance due thereon is a dead instrument, the existence of which may be shown by parol.

Error to Kalamazoo. (Buck, J.) Submitted on briefs January 14, 1892. Decided February 5, 1892.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Osborn & Mills,* for appellant.

*A. M. Stearns* *(Howard & Roos,* of counsel), for defendants.

McGRATH, J. Defendants, James E. Doyle, Frank J. Moon, and John E. Doyle, are copartners in business. Plaintiff brought *assumpsit* for goods sold and delivered. Defendants pleaded the general issue, and gave notice of set-off, and, on demand for a bill of particulars of their set-off, they set out that—

"On or about March 1, 1886, defendant Frank J. Moon loaned plaintiff $1,000, due in one year, with interest at eight per cent. In the month of March, 1887, plaintiff made payment amounting to $875, leaving due as of March 1, 1887, $205; which sum of $205, and interest thereon from March 1, 1887, has never been paid, and was assigned by said Frank J. Moon to defendants on or about November 6, 1890, and constitutes defendants' claim of set-off."

There was no dispute about plaintiff's claim, and he had judgment for the amount, less the set-off, and appeals, assigning error upon the rulings of the court regarding the set-off.

It appears that some time prior to March 1, 1887, plaintiff was indebted to Frank J. Moon, one of the defendants, who was not then a member of defendants' firm, upon a promissory note, in the sum of $1,000, with accrued interest amounting to $80; that Moon pressed Hanselman for payment; that Hanselman pleaded bad luck in business, and referred Moon to one Rosenbaum, who, he said, had charge of his business; that Moon called upon Rosenbaum, who admitted that he was handling Hanselman's business matters; that, after several interviews with Hanselman and Rosenbaum, it was agreed

between the three that Rosenbaum should give Moon merchandise to the amount of $75, a due-bill for $500, payable in merchandise, and that Rosenbaum should indorse three notes, of $100 each, payable in 30, 60, and 90 days. The merchandise, due-bill, and notes were accepted by Moon, and Hanselman's note was surrendered. It was claimed by plaintiff that the $875 represented by goods, due-bill, and notes was to be in full of Moon's claim, but defendants insisted that Hanselman personally agreed with Moon to pay the latter the balance of $205, with interest. This was the real controversy in the case.

1. The first contention is that the claim which Moon had assigned to defendants was not a proper subject of set-off against plaintiff's claim. There is no force in this objection. The claim was a proper subject of assignment, and when assigned it became due from plaintiff to the assignees. Under our statutes, defendants could have brought suit upon this demand in their own names, and there is no reason why they could not in their own names offset the claim in this proceeding.

2. The original note was not produced, and error is assigned upon the reception of testimony as to its existence. If the note existed, it was in plaintiff's possession. Objection having been made, notice to produce was given in open court, but plaintiff insisted that the notice came too late. The better practice is to give notice to produce before entering upon the trial, but the reasonableness and sufficiency of the notice depends upon the circumstances of each case, and is a matter for the court. The offset, however, was not based upon the note, but upon an agreement made at the time of its surrender. The note was a dead instrument, and was referred to simply to give the history of the transaction, and to show a consideration for the new promise. Reference to it by parol for this purpose was competent. The existence of

a paper may be shown by parol. The evidence given was of the transaction, rather than of the contents of the written instrument. *Sirrine v. Briggs*, 31 Mich. 443.

3. Plaintiff requested the court to instruct the jury, in substance:

"That if they found from the evidence that the note of the plaintiff, Hanselman, was turned out by the defendant Moon to Mr. Rosenbaum for a due-bill of $575, and three notes of $100 each, then the note became the property of Rosenbaum, and the balance could not be set off in this suit by the defendants; and that if they found that Mr. Rosenbaum gave Mr. Moon his due-bill for $575, and indorsed three notes, of $100 each, and received in return therefor from Mr. Moon the Hanselman note, then the title of the note would vest in Rosenbaum, and he could enforce it in full as against Hanselman."

The record does not disclose any intention on Rosenbaum's part to purchase the note. Indeed, he testifies that, when he gave the goods, due-bill, and notes to Moon, Moon gave him the note, and that he gave it to Hanselman. He also testified that Hanselman paid the three notes of $100 each. But, even if this were otherwise, the real question in the case was whether Hanselman had promised to pay the balance of the $1,080, to wit, the sum of $205, to Moon, and this question was left to the jury under proper instructions.

4. Error is assigned upon the court's instruction to the jury that—

"If the jury believe the testimony of Moon in this case, that he did not intend to receive part payment in full of the indebtedness upon the $1,000 note, then, even though Hanselman understood it to be in full settlement, there would be no discharge of the indebtedness in full, as it is necessary that both parties should have understood that it was to be in full payment."

But the court, continuing, said:

"The defendants claim, as I have already said, that there was an express agreement that he would pay the balance. The plaintiff claims there was no talk about that whatever. Now, the understanding between the parties must have been according to the talk that took place between them at that time, and if they had the talk, as the plaintiff claims they talked, that this note was then paid in full, then Mr. Moon would have no right to understand him otherwise. If, on the other hand, they talked as Moon testified,—if you believe his testimony,—then neither he nor Hanselman would have a right to understand that that note was then paid in full. So that the understanding of the parties, as I have said, must depend on what they said, and is otherwise of no consequence. * * * The question for you to decide is, what was the agreement between these parties, Moon and Hanselman? The plaintiff claims, as I have said, that there was a compromise of this claim of the note for $875; that that discharged entirely all the indebtedness. If that is true, the defendants' set-off cannot be allowed, as Mr. Moon would have a right to compromise the matter with Hanselman, and take the $875, and could not afterwards claim the balance, and, if he had so agreed, could not enforce it. On the other hand, if the agreement was that this should not operate as a discharge of the note, but that Hanselman was to pay the balance of $205, and that was an actual promise to pay the remainder, then you should allow the set-off. If the bargain was that $875 should be paid, and this was understood to be in full, and the statement of the plaintiff was that he would pay the rest if he should ever be able, and this was not a bargain, but some volunteer statement of the plaintiff, then the set-off should not be allowed. If the bargain was, as I have already said, that the note should be given up and considered as discharged, and then Mr. Hanselman said to him, 'I will pay you if I am ever able to,' it would cut no figure; it would be no legal promise that could be enforced, because, as I have said, it would be a mere voluntary statement on his part. On the other hand, if the bargain was that $875 should not be in full for that $205; that whatever remained still remained due to Moon from the plaintiff, and was to be paid as soon as he was able,—then the set-off should be allowed."

There was no pretense by either party that nothing was said upon the subject, but plaintiff contended that the expressed understanding was that the payment of the $875 was to be in full, and defendants insisted that Hanselman expressly promised to pay the $205.

From a careful examination of the record we discover no error, and the judgment is affirmed, with costs to defendants.

MORSE, C. J., LONG and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.