KUNZE *v.* COX.

1. PARTNERSHIP — EXECUTION AGAINST INDIVIDUAL PARTNER — INTEREST·SUBJECT TO LEVY.

> While an execution creditor of an individual partner may levy upon the interest of the execution debtor in the partnership property, such interest must be treated as consisting of a right to an aliquot share of what remains after the payment of partnership debts and the adjustment of accounts between the partners.

2. SAME.

> A levy, therefore, upon the interest of one partner in a specific pile of partnership lumber, which does not include the whole partnership property, is invalid.

3. SAME—TROVER—PARTIES.

> Partners have a joint right of action for the conversion of partnership property under an invalid levy and sale upon an execution issued against one of the partners.

4. TROVER—CONVERSION BY OFFICER—EVIDENCE.

> The fact that partnership property is wrongfully levied upon and advertised is not sufficient to establish a conversion thereof by the officer making the levy, but it must also appear, to render him liable in trover, that the partners have been deprived of the possession of the property, by removal or otherwise, under circumstances which show that the officer was legally chargeable with such deprivation.

Error to Iosco; Simpson, J. Submitted June 18, 1897. Decided June 28, 1897.

Trover by Emil E. Kunze and John Sullivan, copartners, against Thomas P. Cox, sheriff of Iosco county. From a judgment for defendant, plaintiffs bring error. Reversed.

*Albert E. Sharpe,* for appellants.

*M. J. Connine* and *N. C. Hartingh,* for appellee.

HOOKER, J.   The plaintiffs were copartners in the business of lumbering, and had certain lumber in different piles.   It is claimed that the defendant converted two of these piles of lumber, by selling them separately, under different levies, upon an execution for the debt of Kunze, one of the copartners.   There is evidence tending to show that the pile first sold was set off to Kunze by direction of Sullivan; but, however that may be, the defendant attempted to show that he sold only the interest of Kunze in that pile, and that the bidders and purchasers at the sale were told by him, and understood, that his interest only was offered, and that whoever should buy it would take the lumber subject to Sullivan's right, with whom the purchaser would be obliged to settle, and that Sullivan's interest could be had for three dollars per M. feet, which price Sullivan had consented to take if the defendant should sell the lumber.   This lumber was removed by McDonald, the purchaser.   The other pile of lumber was not removed by the purchaser, and remains where it was at the time of the sale.   It is clear that it was partnership property, and there may be nothing to show that the sheriff ever took manual possession of or delivered the lumber to any one.   He claims to have sold only Kunze's interest in this pile.   The notice of sale advertised a seizure of the property on execution against Kunze and one Frank, and, continuing, said, "All of which I will expose for sale," etc.   The notice of the other sale was substantially the same.   To McDonald the defendant delivered a bill of sale of the lumber first sold, which stated that he "did advertise and sell the said lumber. *   *   *   I hereby convey and set over to said McDonald all of said culls as levied upon, and all right, title, and interest acquired by and under said execution; and I hereby deliver possession thereof to him."

It is contended by the plaintiffs:

1. That these notices and bill of sale show a levy and sale of the entire ownership of the lumber levied upon, and that testimony tending to show a sale of

Kunze's interest merely was inadmissible, as it contradicted the writings.

2. That the levies were void, because neither nor both included all of the partnership property, but specific articles of it merely, and that a valid levy must cover the partner's interest in the entire partnership property.

The action is trover, and, to sustain it, it was necessary that it be shown that some of this property was converted by the defendant. The fact that it was levied upon and advertised is not sufficient to establish a conversion. Some one must have taken it into possession, and deprived the plaintiffs of it, by removal or otherwise, under circumstances which show that the defendant was legally chargeable with such deprivation. If, therefore, a sale of Kunze's interest alone would have been valid under this execution, or if the plaintiffs were not deprived of their property, it was competent to prove that only Kunze's interest was sold, and that the lumber was never taken possession of or converted in any way. One of these piles of lumber was removed, and to some extent, at least, was converted. McDonald bought some interest in it, and took away all of the lumber in that pile. It does not appear that he ever adjusted the matter with Sullivan, and the latter denied having consented that a sale might be made upon the terms stated. If he did, it does not appear by any testimony that the sheriff sold the interest of both parties under this alleged permission, and it is hardly inferable from any testimony that Sullivan consented to a sale of Kunze's interest with the expectation that the purchaser and himself might afterwards adjust his interest at three dollars per M.; so that the remaining questions are (1) Whether this levy was upon lumber belonging solely to Kunze; and (2) if not, whether a levy upon the interest of one partner in a specific pile of partnership lumber, which did not include the whole partnership property, was valid.

The first of these questions is one of fact, and we cannot certainly say that the jury found with the defendant upon it. We cannot say that it was an undisputed fact. Upon

the second, we think the trial court was in error in the conclusion that a valid levy upon a specific portion of the stock could be made. A want of uniformity of practice is found upon this subject, but the weight of authority sustains the doctrine that, while the execution creditor of the individual partner may levy upon the interest of the execution debtor in the partnership property, such interest must be treated as consisting of a right to an aliquot share of what remains after the payment of partnership debts and the adjustment of accounts between the partners. As the partner has not the right to appropriate to his own use, as against his partner, specific articles of partnership property, neither can the execution creditor, who cannot stand in a better position than the partner himself. The sheriff, therefore, cannot seize or deliver specific articles, and it may be doubtful if he can do more, in any case, than to sell the entire interest of the debtor, leaving the purchaser to secure his rights by proceedings for an accounting against the copartner of the debtor. This question will be found discussed in 2 Bates, Partn. § 1097 *et seq.*, and 1 Freem. Ex'ns, § 125, where numerous authorities are cited. In our own State this doctrine appears to have been approved. See *Sirrine* v. *Briggs,* 31 Mich. 443, where Mr. Justice COOLEY said:

"It is plain that he could not, by virtue of an execution against only one of the partners, proceed to levy, as he did, upon specific articles of the stock only. The levy in such a case must be upon the partner's interest in the whole stock, for the only individual interest that he has is his share in what shall remain after the partnership debts are paid and. the accounts between the partners adjusted."

Again, in *Lambert* v. *Griffith,* 50 Mich. 286, it was said: "The interest of a partner is generally his share of the assets after all accounts are settled among the partners, and the debts paid." In *Haynes* v. *Knowles,* 36 Mich. 407, an attachment upon specific chattels was held to be a trespass; and in *Hutchinson* v. *Dubois,* 45 Mich.

143, it was held that a "partner's interest is not an interest in specific articles, but only in the surplus," etc., and "that the utmost extent of the officer's right, if he can levy at all, must be to seize the interest of the partner, whatever it may be, subject to all the partnership debts and to the final accounting." In that case the court said, further:

"But whether he took the whole or only part is immaterial. In either case he seized specific articles, when he had a right to seize an undivided and indefinite interest only. He did this also in total disregard of the plaintiff's rights; for whereas the judgment debtor, as partner, could only have had joint possession with the plaintiff, the officer, levying on his right, assumed to take exclusive possession and remove the property to another place. As was said by Mr. Justice CAMPBELL in *Haynes* v. *Knowles*, 36 Mich. 407, 410: 'The partner not sued cannot, on any principle of justice, be placed in any worse condition by a creditor of his partner than he could have been by his own partner.' At most, for the purposes of his writ, the officer only takes the debtor's place, and seizes an interest that can only be measured by final account. *Vandike* v. *Rosskam*, 67 Pa. St. 330."

It seems obvious that this levy was invalid, and if the defendant was a party to a wrongful conversion by McDonald, as his bill of sale seems to indicate, he might be liable.

The levy being void, there is no reason for denying the right of action by the partners jointly.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.