ERNEST *v.* WOODWORTH.

124    1
f124   215
124    1
s82NW  661

1. PARTNERSHIP—LEVY—INDIVIDUAL DEBT.
   An execution for an individual debt cannot be levied on the debtor's undivided interest in a portion of partnership property.

2. SAME—REPLEVIN—ABATEMENT—PENDENCY OF EQUITY SUIT.
   An action by the members of a firm to replevy firm property, on which a sheriff has levied under a judgment against one of the copartners, is not inconsistent with a former suit to enjoin a sale of the property until an accounting could be had between the partners, and hence the pendency of the suit in equity is no bar to a prosecution of the action of replevin.

Error to Kent; Adsit, J. Submitted April 5, 1900. Decided May 2, 1900.

Replevin by Anthony Ernest and John C. Krupp against Irving Woodworth. From a judgment for plaintiffs, defendant brings error. Affirmed.

*Maher & Salsbury,* for appellant.

*M. L. Dunham* and *H. M. Dunham,* for appellees.

HOOKER, J. The findings filed by the circuit judge show that the plaintiffs were copartners, and as such owned the apples in controversy and other property; each having an equal interest, subject to account. At this time the defendant, who was sheriff of Kent county, levied an execution upon the undivided half of the apples, and took them all under his control. The execution had been issued upon a judgment in favor of Adams & Hart against Krupp. This levy was not made upon Krupp's interest in the whole stock of the copartnership property,

---

* Continued from Vol. 123.

but was made upon the undivided half of the apples, as the property of Krupp. Ernest had advanced all of the money paid for the apples, and had also advanced $110 to Krupp upon his interest, and the court found that Krupp had no interest in said apples liable to said levy. The learned judge thereupon held that the execution levy was void, and that the defendant had unlawfully detained the property replevied, to the possession of which the plaintiffs were entitled, and rendered a judgment in favor of the plaintiffs for nominal damages and costs.

Several exceptions were taken to findings, viz., to the conclusions that the plaintiffs were copartners, and the property copartnership property; that Krupp had no interest in the apples liable to execution; and that the levy was void; and to the judgment. We are of the opinion that the court's findings upon questions of fact were justified by the evidence. The court found that the levy was upon an undivided half of a portion of partnership property, and the conclusion that such levy was invalid is supported by several Michigan cases. *Haynes* v. *Knowles*, 36 Mich. 407; *Hutchinson* v. *Dubois*, 45 Mich. 143 (7 N. W. 714); *Sirrine* v. *Briggs*, 31 Mich. 443; *Kunze* v. *Cox*, 113 Mich. 549 (71 N. W. 864, 67 Am. St. Rep. 480).

After the levy, and before this action was brought, these plaintiffs, as complainants, filed a bill in chancery against Adams, Hart, Woodworth, and Wilkinson, the deputy sheriff, which prayed an accounting between the copartners, and for an injunction to restrain the defendants from proceeding with the sale until such accounting could be had, and until the further order of the court, and offering to consent to an order that complainants be permitted to sell the apples, and required to deposit the money received, to be held subject to the levy, provided the same should be found to be valid. An order to show cause was made, and subsequently the action of replevin was commenced, and the property was delivered to the plaintiffs, who sold it. The court of chancery afterwards ordered that the proceeds be deposited with the register of

the court.   This order was made upon application of the
defendants in that case.   Whether the order was complied
with or not does not appear in this record, and perhaps it
is unimportant.   The defendants answered, and the fact
of the pendency of this chancery suit was pleaded by the
defendant in the replevin case when the replevin case was
brought on for trial.   Apparently proofs were taken before
Judge Adsit in the chancery cause, and subsequently a
stipulation was filed in the replevin case that the same be
submitted for decision by Judge Adsit upon the record and
proofs taken before him in the chancery cause, and both
causes were argued and submitted at the same sitting of
the court.   Counsel now insist that the replevin case was
irregularly brought, inasmuch as the plaintiffs had already
sought another remedy, the proceedings being then pend-
ing.   It is said that the chancery proceeding was an in-
consistent remedy; but this can hardly be said.   Its object
was merely to restrain the sale, so far as the defendants
were concerned, until the plaintiffs could have an account-
ing, and it sought to have the property applied to the
payment of firm debts, and a just division, before being
subjected to Krupp's individual obligations.   This record
shows that the plaintiffs were entitled to the immediate
and unqualified possession of the property, and the re-
plevin was not inconsistent with the relief asked in the
chancery case.   Had the replevin case been commenced
first, it would seem that the chancery proceeding would
have been unnecessary.   We are not advised by the record
why replevin was not resorted to in the first instance, but
we are of the opinion that this judgment should not be
reversed on account of such proceeding.

The judgment is affirmed.

The other Justices concurred.