## TOMKOVICH *v.* MISTEVICH.

1. ATTACHMENT — PARTNERSHIP — TRESPASS AGAINST FIRM GIVES
   INDIVIDUAL MEMBERS NO RIGHT OF ACTION.
   
   A wrongful levy on partnership goods was a trespass by
   the officer having the writ of attachment for which the
   partnership had a right of action, but individual mem-
   bers of the partnership had no right of action, nor were
   the principal and surety in the bond, as such, liable for
   said trespass.

2. MALICIOUS PROSECUTION—RIGHT OF ACTION.

   One not a defendant in attachment is not injured thereby,
   and therefore has no right of action for malicious prose-
   cution on account thereof.

3. ASSIGNMENTS—MALICIOUS PROSECUTION—PERSONAL ACTION NOT
   ASSIGNABLE.

   A right of action for malicious prosecution is personal
   and may not be assigned under 3 Comp. Laws 1915, §
   12383.

4. PARTNERSHIP — WRONGFUL LEVY—RIGHT OF ACTION—ASSIGNEES
   OF INDIVIDUAL MEMBER MAY NOT RECOVER.

   Since an individual member of a partnership has no sepa-
   rate grievance for damages occasioned the partnership by
   a wrongful levy, the assignees of the right of action of
   an individual member of the partnership may not recover
   thereon, for damages occasioned the partnership.

5. SAME—HUSBAND AND WIFE AS PARTNERS—NO DEFENSE THAT
   WIFE IS NOT LIABLE FOR DEBTS OF FIRM.

   Although a wife may not enter into a contract of partner-
   ship with her husband and become liable for the debts of
   the firm, a wrong against a partnership of which a hus-
   band and wife are members may not be excused for that
   reason.

Error to Gogebic; Driscoll (George O.), J. Sub-
mitted January 25, 1923. (Docket No. 3.) Decided
March 23, 1923.

Case by Luka Tomkovich and another against Spiro Mistevich and another for the wrongful levy of an attachment. Judgment for plaintiff. Defendants bring error. Reversed.

*Julius J. Patek* and *Charles F. Button* (*Myron H. Walker*, of counsel), for appellants.

*Waples & Waples*, for appellees.

CLARK, J. Luka Tomkovich, Milica, his wife, and Rocco Pavicevich were partners doing a small grocery and meat business at the village of Wakefield under the firm name of Pavicevich & Tomkovich. Tomkovich and wife made a promissory note to defendant Mistevich due July 29, 1916, for $257. On July 18, 1916, the note not being due, Mistevich filed with a justice of the peace an affidavit for a writ of attachment reciting that "there is justly due him from Luka Tomkovich and Milica Tomkovich, copartners, the sum of $257," and that:

"He has good reason to believe and does believe that defendants are about to remove from the county, and refuse and neglect to pay or secure payment of the debt, and that defendants are about to assign and dispose of their property, not exempt by law from levy and sale on execution, with intent to delay, hinder and defraud their creditors, particularly deponent."

The writ was issued accordingly. The bond in attachment was signed by Mistevich as principal and by John Raic as surety. It was in the sum of $600 and ran to "Luka Tomkovich and Milica Tomkovich, copartners." Its condition was:

"If said Spiro Mistevich shall pay to the said Luka Tomkovich and Milica Tomkovich, copartners, all damages and costs they may sustain by reason of the said attachment, if the said Mistevich shall fail to recover judgment in said suit, then this obligation to be void, otherwise to remain in full force."

The constable having the writ, the justice of the peace, Raic, and it seems others, then went to the store. They went in Raic's automobile. Mistevich was also there. They found the store locked. Raic owned the building. By removing hinges he opened a door. All goods and chattels in the store were seized and appraised at $704.41. Within three or four hours after the levy it was abandoned by the officer at Mistevich's direction and possession of the stock and a key which had been procured were tendered back to Tomkovich. The attachment suit was dismissed. The three partners claimed damages for wrongful levy. Pavicevich assigned his claimed right or rights of action to the other two partners, Tomkovich and wife, and they brought suit against Mistevich and Raic. The declaration has three claimed grounds of action set forth in six counts.

Counts 1 and 4 are on the attachment bond against Mistevich as principal and Raic as surety reciting that the firm of Pavicevich & Tomkovich owned the goods and chattels seized on the writ, and

"That by reason of the wrongful attachment and seizure of the goods of said plaintiffs and said Pavicevich a large amount of meats and groceries in said building was spoiled, injured and damaged to the extent of, to-wit, $300; and that their general standing in the community was impaired."

It is also stated that plaintiffs expended money in defending the attachment suit, and that Mistevich has not paid to plaintiffs all or any of the damages and costs so sustained by them. A judgment is claimed in the sum of $600, the penalty of the bond.

Counts 2 and 5 set forth a claimed cause of action by plaintiffs in their own behalf and as assignees of Pavicevich because the attachment suit was commenced and prosecuted by defendant Mistevich, the defendant Raic aiding and abetting him, maliciously

and without probable cause. Counts 3 and 6 sound in tort, are upon an assignment by Pavicevich, and claim damages against both defendants by reason of the wrongful seizure of Pavicevich's undivided one-third interest in the partnership property. Plaintiffs had verdict and judgment in the sum of $500. The jury found for defendants on counts 2 and 5, they having been instructed to return a separate verdict on such counts. Defendants have removed the cause to this court for review.

The attachment suit was against Luka and Milica Tomkovich, copartners. There was no such partnership entity, and of course no property of such entity to be attached. Assuming, but not stating, that the officer here might have attached the interests of Luka and Milica Tomkovich in the partnership of Pavicevich & Tomkovich, he had no right to seize the specific chattels. What is the interest of a partner?

"Such interest must be treated as consisting of a right to an aliquot share of what remains after the payment of partnership debts and the adjustment of accounts between the partners." *Kunze* v. *Cox*, 113 Mich. 546 (67 Am. St. Rep. 480).

"The interest which a partner has in a firm consists usually, if not always, in his share of the assets after all the accounts are settled among the partners, and all debts paid." *Lambert* v. *Griffith*, 50 Mich. 286.

A case in point is *Haynes* v. *Knowles*, 36 Mich. 407. There the officer sought to attach the interest of one of two partners. It was said:

"The property seized was hides, meat, fresh and salt, and a lot of articles used in carrying on a market. The evidence tended and was found by the jury to show a complete ouster of both parties and the entire destruction of their business.

"The evidence introduced further showed a levy on all the specific property, item by item, and its ap-

praisal in the same way, on the 10th of April, 1875, under the attachment in question.   *   *   *

"Such a levy cannot be justified.   A levy on the interest of a partner, as intimated in *Sirrine* v. *Briggs,* 31 Mich. 443, if it can be made at all under an attachment, cannot be made on specific chattels.   Such a levy is a trespass."

The wrongful levy here was a trespass for which the firm of Pavicevich & Tomkovich had a right of action, and for which plaintiffs had no right of action on the bond.   The principal and surety in the bond, as such, may not be held liable for a trespass by the officer having the writ.

Pavicevich was not injured by the instituting of the attachment suit.   He was injured by the trespass. He was not a defendant in attachment and had no right of action for malicious prosecution on account thereof.   26 Cyc. pp. 6-8.   And a right of action for malicious prosecution is personal and cannot be assigned.   26 Cyc. p. 66; 18 R. C. L. pp. 18, 62; 1 C. J. p. 202; 3 Comp. Laws 1915, § 12383, and cases cited.

Nor can plaintiffs, merely as assignees of Pavicevich, on counts 3 and 6, recover one-third of the damages occasioned the partnership by the seizure on the theory that he had a separate grievance.   It was said in *Bigelow* v. *Reynolds,* 68 Mich. 344:

"But, furthermore, there is a fatal objection to the cause of action as declared on in the second count. Plaintiff declared as a member of a partnership whose business was interfered with, and claimed an undivided third of the damages for that injury.   There is no rule of law which will allow a partner to bring a separate action at law for his supposed share of a partnership grievance.   Partners do not own undivided shares in such a sense that each can sue separately for his part in a common wrong.   Such actions are not severable, and all must join in bringing them."

Defendants say that a wife may not enter into a contract of partnership with her husband and become liable for debts of the firm, citing *Artman* v. *Ferguson,* 73 Mich. 146 (2 L. R. A. 343, 16 Am. St. Rep. 572), and that therefore she may not sue here. The premise may be good but the conclusion is bad. A wrong against the firm will not be excused for that reason.

In view of what has been said it is unnecessary to consider whether these claimed causes of action might be joined. Accepting suggestion of counsel we will not discuss whether plaintiffs may recover on the bond the amount of their disbursements in defending the attachment suit, $13.

For the errors pointed out the judgment is reversed, with costs to defendants. New trial granted.

WIEST, C. J., and FELLOWS, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.