CUNNINGHAM *v.* MATTLER.

LANDLORD AND TENANT — EQUITY — INJUNCTION — WHERE LEASE ASSIGNED TO HUSBAND AND WIFE SHE HAS RIGHTS OF TENANT AND IS NECESSARY PARTY IN SUMMARY PROCEEDINGS.

A court of equity, at the instance of a wife, will restrain further proceedings after an order of restitution had been made in summary proceedings before a circuit court commissioner against the husband only, where the lease was assigned to plaintiff and her husband and they went into possession and had paid the rent in full, since plaintiff must be treated as a tenant, an occupant, in possession, having rights which a court of equity will protect.

Appeal from Wayne; Shepherd (Frank), J., presiding. Submitted October 18, 1923. (Docket No. 63.) Decided November 13, 1923.

Bill by Mary M. Cunningham against Bert Mattler and others to enjoin summary proceedings for the possession of leased premises. From a decree for plaintiff, defendant Mattler appeals. Affirmed.

*Hugh M. Edwards*, for plaintiff.

*John H. Dohrman*, for appellant.

CLARK, J. Defendant Bert Mattler, as lessor, and one Kuebler, as lessee, entered into a written lease of premises in Detroit for a term of two years at $200 per month. Kuebler assigned the lease for the term to plaintiff, Mary M. Cunningham, and her husband, Peter L. Cunningham. Defendant Mattler consented on condition that the Cunninghams, to secure performance, pay to him $1,200, to be applied in payment of rent for the last six months of the term. The payment was made. The Cunninghams took possession of the premises, an apartment house, and paid rent in full to the beginning of such period of six months. Plaintiff owned with her husband the furniture in the building. Defendant Mattler, soon after the beginning of such period of six months, claiming that the $1,200 was bonus and not rent, and claiming the lease to be forfeited because of nonpayment of rent, commenced proceedings for possession before Henry G. Nicol, circuit court commissioner, making the husband, Peter L. Cunningham, only, party defendant. An order of restitution was made. Plaintiff brings this suit to restrain further proceedings in the commissioner's court, making Mattler, the commissioner, and her husband, defendants. The trial judge was of the opinion that plaintiff had such an interest as entitled her to be made a party in the commissioner's court, if she was to be bound thereby, and that the proceedings as to her are a nullity and decreed to her the relief prayed. Defendant Mattler appeals.

No question of homestead being involved, if plaintiff's interest in the matter were merely as wife of Peter L. Cunningham, there might be force in defendant's contention that she was not a necessary party in the proceedings for possession. Other contentions of defendant might be pertinent if the wife were seeking here to defend an action for rent on the ground that she cannot enter into a contract of copartnership with her husband and become liable for debts of the firm, or on the ground that the debt was her husband's. The rent is fully paid. On this record she must be treated as a tenant, an occupant, in possession, having rights which she now seeks in a court of equity to protect. Statutes for the protection of married women were intended as shields, not as swords. A wife is not without right to protect her property against invasion. See *Gillespie v. Beecher*, 94 Mich. 374; *Tomkovich* v. *Mistevich*, 222 Mich. 425.

We are in accord with the opinion of the trial judge. Decree affirmed, with costs against appellant.

WIEST, C. J., and FELLOWS, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.