CHARLES CROOKER, *in Equity*, *versus* WILLIAM D. CROOKER *& al.*

When the payee of a note of a co-partnership, given during its existence, for a co-partnership debt, exchanges it, after a dissolution of the firm, for the several note of each partner, for his share of the original note, he has a precedence over *partnership creditors*, as to the separate property of each member, which a court of equity will enforce; but he has no priority of claim upon the *partnership property*.

If one co-partner has paid more than his share of the partnership debts, he has a claim upon the partnership property, which, in equity, is superior to the claims of the separate creditors of his co-partners.

ON REPORT.

BILL IN EQUITY.

This bill was once before the Court on demurrer. *Vide Crooker* v. *Crooker*, 46 Maine, 250, where the bill is reported at length.

It now comes up to be heard on bill, answer and proof. The bill was originally against about forty defendants, including the President, Directors & Co. of the Lincoln Bank, which is the party now defending.

The bill set out a former co-partnership between the complainant and William D. Crooker; that it was owing debts to a large amount in 1854, when it was dissolved, which

were outstanding at the date of the bill; that its assets consisted of parts of ships and parcels of land purchased on the credit and with the moneys of the co-partnership, but conveyed to the complainant and William D. Crooker, as tenants in common; that the complainant has been obliged to pay debts of said co-partnership to a large amount; that the complainant has repeatedly urged William D. Crooker to adjust the partnership matters, and join him in selling this partnership property to pay its debts; that the defendants, at different times have brought actions against William D. Crooker, on debts incurred by said William on his own *separate* account and credit, and in the prosecution of business in which the complainant had no interest; that the defendants attached, on the writs in said actions, all of said William's interest in said lands, &c.; that they threaten to levy on William's interest, and that, if they do so, it will absorb one-half of the company assets, and the remainder will be insufficient to meet the company debts.

The prayer is, among other things, that the defendants may be restrained from satisfying their judgments in said actions by sale of any interest in the property of said partnership, or by levy on the estate of the said William in the parcels of land aforesaid, and that said attachments may be dissolved, &c.

The only part of the defendants' answer, material to the point raised, was as follows:—

That one of the notes embraced in their suit, to wit, one dated April 3, 1855, for $550, is a renewal of a note dated Jan. 2, 1855, which was given for a part of a note given said bank before the dissolution of the said co-partnership, by the said firm, and after their said dissolution divided by the request of said Charles, and each of the parties gave his separate note for one-half of said original note, &c.

*May & Meserve*, for the complainant.

The Reporter has no means of knowing who was the defendant's counsel.

Crooker *v.* Crooker.

The opinion of the Court was drawn by

APPLETON, C. J.—The right to maintain this bill was affirmed on demurrer thereto. *Crooker* v. *Crooker*, 46 Maine, 250.

The facts alleged in the bill having been sustained by proof, the only remaining question is, whether the same injunction shall issue against the President, Directors & Co. of the Lincoln Bank as has been decreed against the other creditors of William D. Crooker.

It is in proof that the Lincoln Bank had a note against the firm of C. & W. D. Crooker, given while their partnership was in existence; that, after its dissolution, the bank agreed to a division of the note between the members of the firm, taking the several note of each partner for his half, and surrendering up the note of the firm. Notwithstanding this, the claim is now made, that the bank has lost none of its rights as creditors of the firm, but are still to be regarded as such.

A negotiable note, given for an account, or in renewal of a preceding note, is presumed to be in payment of the original demand.

In *Evans* v. *Drummond*, 4 Esp., 89, a firm of two partners gave a partnership note for goods sold them. One of the partners retired. The bill, when due, was not paid, but was renewed by another bill, given by the partner who continued the business, which the creditor took, knowing of the dissolution. Lord KENYON held that, by so doing, the creditor had relied on the sole security of the continuing partner and had discharged the other. The decision in *Reid* v. *White*, 5 Esp., 122, was to the same effect. In *Thompson* v. *Percival & al.*, 5 Barn. & Ad., 925, the preceding cases were examined and the decisions therein affirmed. " It appears to us," observes DENMAN, C. J., " that the facts proved raised a question for the jury, whether it was agreed between the plaintiffs and James, (one of the defendants,) that the former should accept the latter as their *sole* debtor, and should take the bill of exchange accepted by him alone, by

way of satisfaction for the debt due from both. If it was so agreed, we think that the agreement and receipt of the bill would be a good answer, on the part of Charles Percival to this demand, by way of accord and satisfaction. It cannot be doubted, but that, if a chattel of any kind had been, by the agreement of the plaintiffs and both the defendants, given and accepted in satisfaction of the debt, it would have been a good discharge. It is not required that the chattel should be of equal value, for the party receiving it is always taken to be the best judge of that, in matters of uncertain value. *Andrew* v. *Boughey*, Dyer, 75, a. Nor can it be questioned but that the bill of exchange of third persons, given and accepted in satisfaction of the debt, would be a good discharge. But it is contended that an acceptance of a bill of exchange, by one of two debtors, cannot be a good satisfaction, because the creditor gets nothing which he had not before. The written security, however, which was negotiable and transferable, is of itself something different from that which he had before ; and many cases may be conceived in which the sole liability of one of two debtors may be more beneficial than the joint liability of two, either in respect of the solvency of the parties or the convenience of the remedy, as in cases of bankruptcy or survivorship, or in various other ways ; and, whether it was actually more beneficial in each particular case, cannot be made the subject of inquiry." When a promissory note is given by a partnership, and the payee afterwards takes the individual note of one of the partners for the amount, and he gives up the partnership note, it is a payment of the partnership note. *Arnold* v. *Camp*, 12 Johns., 409. The authority of this case was questioned by Mr. Justice Cowan, in *Cole* v. *Sackett*, 1 Hill, 516, but its correctness was sustained by the Court of Errors of New York, in *Waydell* v. *Luer*, 3 Denio, 410. In *Chase* v. *Vaughan*, 30 Maine, 412, the notes of the firm were not surrendered, neither was a new note given after the dissolution by the continuing partner.

In the present case, the several note of each partner for

his share, is taken and the note of the firm given up. Before this exchange, the bank had a priority of claim upon the partnership property. They now have a precedence over partnership creditors as to the separate property of each member, which a court of equity will enforce. *Crockett* v. *Craine*, 33 N. H., 542; *Holten* v. *Holten*, 40 N. H., 77; *Jackson* v. *Cornell*, 1 Sand. Ch., 348. The bank was competent to contract. Nobody has a right to object. They preferred the separate notes of the members for their share, to the note of the firm, for the amount due. There was neither fraud, misrepresentation nor concealment. They must be bound by their contract,—and, as a consequence of their own act, cannot be ranked among the creditors of the firm—for they have long since ceased to be such.

Their rights are in no respect superior to those of their co-defendants.

The rule in equity is well established, that if one co-partner has paid more than his share of the partnership debts, he has a claim upon the partnership property, which in equity is superior to the claims of the separate creditors of his co-partner. *Buchan* v. *Sumner*, 2 Barb. Ch., 165. This the bill alleges and the proof shows to have been done by the plaintiff. *Bill sustained.*

*Injunction as prayed for.*

CUTTING, RICE, DAVIS and WALTON, JJ., concurred.