[Hadley et al. v. Bryars.]

# Hadley *et al. v.* Bryars.

### *Attachment for Tort.*

| 58 | 139 |
| 109 | 589 |

1. *Attachment; for what will lie.*—Any civil action, whether founded on contract or in tort—as for an assault and battery—may, under our statutes, be commenced by attachment.

2. *Same; when properly issued against all of several defendants.*—Where an action of trespass against several defendants is commenced by attachment, and the affidavit discloses a ground of attachment as to all of them, the writ is properly issued against all.

3. *Same; how levied.*—When an attachment is sued out against several persons, it may be levied on the joint property of all the defendants, or on the separate property of one or more; but a levy on separate property only operates to bring in those defendants who have an interest in it, unless they voluntarily appear.

4. *Same; effect of, on exempt property.*—The levy of an attachment on personalty which is exempt, can not affect the defendant's exemption, but the levy, although it be released on that account, will bring the defendant before the court.

5. *Attachment bond; what not ground of objection to.*—An attachment bond is properly made payable to the defendants jointly, although the writ may be levied on the individual property of one only; and the addition of the word agent to the name of one of the obligors, in affixing his signature, does not affect its validity.

6. *Affidavit for attachment for tort; what defect in, not pleadable in abatement.*—The special affidavit required by statute, as to the particular facts and circumstances of the claim, where an attachment is sued out to recover damages, is intended for the single purpose of enabling the officer granting the writ to determine the amount for which a levy must be made, and its sufficiency can not be tested by plea in abatement.

APPEAL from Circuit Court of Baldwin.

Tried before H. T. TOULMIN.

Wesley Bryars, a minor, by his next friend, Elizabeth Bryars, commenced suit by attachment against James Hadley, Sr., and others, to recover damages for an assault and battery committed by them on him. The affidavit states that "James Hadley, Sr., James Hadley, Jr., Jesse Hadley, Thomas Stewart and Howell Pincher, are indebted to Wesley Bryars, in damages for assault and battery on him, the said Wesley, in the sum of ten thousand dollars," &c.

The attachment bond was in the penalty of twenty thousand dollars, and made payable to all of the defendants, and one of the obligors signed the word "agent" after his name. The circuit judge having approved this bond, issued a writ of attachment, which, after reciting the making of the affidavit and the giving of the bond, directed the sheriff "to attach so much of the estate of said James Hadley, Sr.

James Hadley, Jr., Jesse Hadley, Thomas Stewart, and Howell Pincher, as will be sufficient to satisfy said debt and costs," &c.

The sheriff made a return that he had levied the attachment on certain property, as the property of the individual defendants named, and "also on five hundred head of sheep, as the property of said defendants, each claiming a part of same, and same so levied on," &c. Most of this property was claimed by the various defendants as exempt, and the sheriff allowed the claims and restored possession to them. The defendants, after craving oyer of the affidavit, bond, and writ of attachment, pleaded in abatement, in substance, that the attachment was not authorized by law; secondly, that the attachment could not issue against the defendants jointly; thirdly, that the defendants have not a joint interest in the property levied on. The court sustained a demurrer to this plea. James Hadley pleaded separately, that the property levied on was exempt to him under the Constitution and laws of Alabama, and that it had been so recognized by the sheriff, who had turned it over to him before the return day of the attachment, wherefore "he says that the levy and issue of said attachment, as to him, should be quashed and he be discharged from all further prosecution." The court sustained a demurrer to this plea, also.

The defendants moved to quash the attachment bond, among other grounds, "because it is signed by W. J. Bryars as agent, and it is not shown for whom he is agent, or his power to bind any one as agent, and his name does not appear in the body of the bond." This motion was overruled.

A motion was also made to quash the writ, &c., because of the insufficiency of the affidavit, it not averring sufficient facts to justify the judicial officer, who issues the attachment, in fixing the amount for which the levy shall be made, and such levy had been ordered for an amount fixed arbitrarily by the judicial officer." This motion was overruled.

The defendants excepted to the overruling of their various motions, and to the ruling of the court in sustaining demurrers to the pleas in abatement, and appeal by consent, under § 3486 of the Code, and here assign the same for error.

D. C. ANDERSON, and ALEX. McKINSTRY, for appellants.

THOS. H. PRICE, contra.

BRICKELL, C. J.—The appeal is taken by consent of the appellee, under the statute (R. C. § 3486) which authorizes

an appeal from a judgment overruling a motion to quash or dismiss an attachment, or sustaining a demurrer to a plea in abatement of an attachment. We pass over the defects of each plea in abatement, which an amendment could cure, as we find from the record, there is another case pending, involving the same pleas, and the same motions to quash, awaiting the decision in this cause. The first plea in abatement, alleges three separate grounds for quashing the attachment: the *first* of which is, that its issue is not authorized by law. The attachment is sued out for damages for an injury to the person of the plaintiff, committed by the defendants; and we presume the plea intends to assert, that an attachment may not issue for such a cause of action. If that be so, the objection is not well founded. Any civil action, whether founded on contract, or in tort, may, under the statute, be commenced by attachment.—R. C. § 2927. The *second* ground is, that the attachment could not issue against the defendants jointly. Trespassers may be jointly or severally sued, at the election of the party injured. When jointly sued, as in the present case, and an attachment is the leading process, issuing on an affidavit that discloses a ground of attachment as to all the defendants, it is properly issued against the defendants jointly—that is, it is proper to embrace all the defendants in one writ. The *third* ground is, that the defendants have not a joint interest in the property, on which the attachment is levied. We do not suppose a plea in abatement is the proper mode of testing the regularity of the levy of an attachment, or, of ascertaining the ownership of the property on which the levy is made. We pass that over, however. When an attachment issues against several defendants, it may be levied on the property of either defendant, in which he has an interest subject to levy, or on the joint property of all the defendants. The writ is joint and several in its operation—not confined to the joint property of the defendants. Of course, if it is levied on the separate property of one or more defendants only, it operates to bring before the court only the defendants whose property may be levied on, and not other defendants, having no interest in the property. The levy stands in the place of personal service of process, and if there is no levy on the property of one defendant, he is without the jurisdiction of the court, unless he voluntarily appears, as he would be without personal service, if the process were ordinary, issuing against the person, and not the estate.

The second plea in abatement is filed by the defendant, James Hadley, alone, and avers the property levied on is exempt from levy and sale. Property, which the Constitution

and statutes exempt from levy and sale, is as free from seizure under attachment, as it is from process which authorizes a sale. When the property is personal, it must be selected and claimed, to draw it within the protection of the Constitution and statutes; and the selection and claim cannot be made until after the levy. The levy operated to bring the defendant before the court, though he may, by the subsequent claim, withdraw the property from the custody of the law, and retain undisturbed possession of it.

We do not find the bond defective. It is properly payable to all the defendants; such is the requisition of the statute. The fact that they are defendants, creates all the privity and community of interest, necessary to support it as a joint obligation to all, though the writ may be levied on the property of one only. It is not insufficient because one of the obligors affixes the word *agent* to his signature.

The motion to quash, presents, in addition to the matters we have considered, the sufficiency of the affidavit. It is supposed to be insufficient, because it does not aver the facts and circumstances attending the tort, so that the officer issuing the writ could fix the amount for which a levy should be made. In *Bozeman v. Rose*, 40 Ala. 212, it was held, that the special affidavit, of facts and circumstances pertaining to the particular transaction, which is required, when the attachment is sued out to enforce a claim for unliquidated damages, arising from breach of contract, is intended for the single purpose of guiding the discretion of the officer issuing the writ, in fixing the amount for which a levy may be made, and that its sufficiency could not be tested by plea in abatement; that it was for the officer issuing the writ to determine its sufficiency, and his determination was conclusive. This is manifestly true, and is as true, when, as in the present case, the action is for a tort, sounding wholly in damages. The statute guards the defendant against an excessive levy, by clothing the court with a discretion, on his affidavit to reduce the amount, and release the levy to the extent of the reduction.

We believe we have considered the several grounds of objection relied on, to abate or quash the attachment. We concur with the Circuit Court in the opinion that they are not well taken, and affirm the judgment it has rendered.