## MAYER & LOEWENSTEIN v. GARBER.

1. **Partnership**: INTEREST OF PARTNER: PROMISSORY NOTE. A member of an insolvent partnership cannot give a receipt against a note in favor of the firm, for his individual indebtedness to the maker, which will be valid against the partnership creditors.

*Appeal from Washington District Court.*

### FRIDAY, JUNE 11.

ACTION upon a promissory note executed by the defendant to J. C. Hunter & Co., and purchased by the plaintiffs at an

execution sale. The defense goes to only two-thirds of the note, the defendant claiming that two-thirds of the note have been canceled and discharged. The note was given by the defendant to J. C. Hunter & Co., in settlement of a balance due from him to them in the purchase of a stock of goods. The firm of J. C. Hunter & Co. was composed of three persons; viz, J. C. Hunter, Harry Garber and J. F. Morgan. At the time of the execution of the note the firm was indebted to the plaintiffs, and was insolvent. J. C. Hunter and Harry Garber were indebted individually to the defendant. Immediately after the execution of the note, Hunter and Harry Garber gave each his individual receipt to the defendant for one-third of the note. The plaintiffs bought with knowledge of this fact. The court rendered judgment for the plaintiffs for one-third of the note only. The plaintiffs appeal.

*Farley & Kelley*, for appellants.

*A. R. Dewey*, for appellee.

ADAMS, CH. J.—It is not very clearly shown that the receipts were given to the defendant by Hunter and Harry

1. PARTNER-
SHIP : inter-
est of part-
ner : promis-
sory note.

Garber in consideration of their individual indebtedness. The defendant makes an averment in his answer in these words: "J. C. Hunter and Harry Garber were largely indebted to this defendant, and at once executed their receipts to the defendant for the one-third each due them on said note." It appears to us that the fair inference from the averment is that the receipts were executed by reason of the individual indebtedness of Hunter and Harry Garber, and that such indebtedness constituted the consideration.

This appears to have been done upon the supposition that Hunter and Harry Garber each owned one-third of the note, precisely as if they and Morgan were joint owners, and not partners. Herein, we think, consists the defendant's error.

The note constituted a firm asset, and the firm being insolvent, the partners had no individual interest in it which could be disposed of as individual property. A partner's individual interest in firm assets is such only as may remain to be distributed to him after the firm debts have been paid.

REVERSED.