CHARLES H. SANBORN & another *vs.* BURNHAM ROYCE.

Suffolk. January 13, 26. — May 5, 1882.

The seizure and actual removal of specific chattels of a partnership, on mesne process against one member thereof for his private debt, and the exclusion of the firm from the possession of the property, are a trespass.

TORT, by Charles H. Sanborn and Charles H. Packard, copartners doing business under the firm name of Sanborn and Packard, for breaking and entering the plaintiffs' close in Boston, and taking and carrying away certain articles of personal property belonging to them, with a count in tort for the conversion of the same. The defendant, a constable of the city of Boston, justified under a writ against Packard, by virtue of which he attached the property in question.

At the trial in the Superior Court, before *Putnam*, J., it appeared that the plaintiffs were copartners in the grocery and provision business, and the defendant was notified of this fact at the time of the attachment; that on May 3, 1879, a creditor of Packard, individually, sued out a writ against him, and delivered it to the defendant, who, by virtue of it, on May 31, 1879, attached all the property of the partnership, placed a keeper over the same, and afterwards on the same day, by order of the plaintiff's attorney, withdrew the keeper, and removed the goods, and on June 3, 1879, released the attachment, and left the goods where he found them; and that the writ against Packard was duly entered in court on June 19, 1879, and is now pending.

Upon these facts, the defendant contended, and asked the judge to rule, that he was justified, by virtue of said writ, in what he did with reference to the property; and that the plaintiffs could not maintain their action. The judge declined so to rule, and ruled otherwise. The jury returned a verdict for the plaintiffs; and the defendant alleged exceptions.

The case was argued at the bar on January 13, 1882, and was afterwards submitted on briefs to all the judges.

*M. H. Swett,* for the defendant, cited *Johnson* v. *Evans,* 7
Man. & G. 240; *Holmes* v. *Mentze,* 4 A. & E. 127; *Pierce* v.
*Jackson,* 6 Mass. 242; *Melville* v. *Brown,* 15 Mass. 82; *Reed*
v. *Howard,* 2 Met. 36; *Peck* v. *Fisher,* 7 Cush. 386; *Breck*
v. *Blair,* 129 Mass. 127; *Douglas* v. *Winslow,* 20 Maine, 89;
*Thompson* v. *Lewis,* 34 Maine, 167; *Phillips* v. *Cook,* 24 Wend.
389; *Schatzill* v. *Bolton,* 2 McCord, 478; *Moore* v. *Sample,*
3 Ala. 319.

*T. J. Morrison,* for the plaintiffs.

C. ALLEN, J. The question presented in this case has been
several times alluded to, but has never been decided in Massa-
chusetts, though it has been the subject of much discussion and
conflicting opinion elsewhere. It has been declared, that the
real and actual interest of each partner in the partnership stock
is the net balance which will be coming to him after payment of
all the partnership debts, and a just settlement of the account
between himself and his partner. *Peck* v. *Fisher,* 7 Cush. 386.
This doctrine is in accordance with the great body of modern
decisions. It is also declared in *Allen* v. *Wells,* 22 Pick. 450,
that a separate creditor can only take and sell the interest of
the debtor in the partnership property, being his share upon a
division of the surplus, after discharging all demands upon the
partnership. This rule also is supported by a great weight of
authority. It is rather remarkable, in view of the multitude of
cases in which the question has arisen, and the conflict of opin-
ion which has existed, that the manner in which a creditor of
one member of a firm may apply that member's interest in the
partnership to the payment of his debt, has not been more often
the subject of legislation. The rights of parties, however, in this
State, as in almost all the other States of the Union, are still
left to be worked out as well as possible by the courts. There
is an entire concurrence of opinion among the leading text-
writers, in recent times, that courts of law cannot adequately
deal with the subject. 3 Kent Com. 65, n. Story Part. §§ 262,
312. Collyer Part. (6th ed.) § 793. Lindley sums up what he
has to say with the remark: "The truth, however, is that the
whole of this branch of the law is in a most unsatisfactory con-
dition, and requires to be put on an entirely new footing."
Lindley Part. (4th ed.) 694.

It is sufficient for the purposes of the present case to decide, as we do, that the seizure and actual removal of specific chattels of a partnership, on mesne process or execution against one member thereof for his private debt, and the exclusion of the firm from the possession of its property, are a trespass. The authorities in support of this proposition seem to us more in accordance with just legal principles, than those which are opposed to it. *Bank* v. *Carrollton Railroad*, 11 Wall. 624, 628, 629. *Cropper* v. *Coburn*, 2 Curtis, 465. *Burnell* v. *Hunt*, 5 Jur. 650, by Patteson, J. *Garvin* v. *Paul*, 47 N. H. 158. *Durborrow's appeal*, 84 Penn. St. 404. *Haynes* v. *Knowles*, 36 Mich. 407. *Levy* v. *Cowan*, 27 La. Ann. 556.      *Exceptions overruled.**

---

* A similar decision was made in Worcester, October 6, 1882, in the case of