# SUPREME COURT

OF THE

# STATE OF ARKANSAS,

AT THE

## NOVEMBER TERM, 1889.

---

WORTHLEY v. GOODBAR.

Decided February 22, 1890.

*Attachment—Liability for fraud of copartner.*

> The individual property of an innocent partner is not subject to attachment at the instance of a firm creditor for the fraud of a copartner.

APPEAL from *Phillips* Circuit Court.

M. T. SANDERS, Judge.

Goodbar, Love & Co. sued M. B. Woodyard & Co., a firm composed of M. B. Woodyard and James L. Worthley, upon a partnership account, and filed an affidavit alleging that the defendants had removed their property, or a material part thereof, out of the State, not leaving enough to satisfy the claims of their creditors. A writ of attachment against the property of the defendants was issued, to which the sheriff made return that he had levied upon certain described property belonging to defendant Worthley. Worthley filed a controverting affidavit, stating that the writ of attachment had been

levied upon his individual property and not upon the property of M. B. Woodyard & Co.; that he had not removed his property, or a material part thereof, out of the State; that, while he was a member of the firm of M. B. Woodyard & Co., he had no control of the business of said firm, nor did he have any knowledge as to how the same was being conducted; that he was engaged in other business, was not in attendance upon the store, and resided in Helena, Arkansas, a distance of fully twenty miles from the town of Marvell, where said firm conducted its business, and that if any of the property of said firm was removed out of the State, it was done without his knowledge, consent or procurement.

The plaintiffs moved the court to strike out the controverting affidavit of defendant Worthley, which motion was sustained. Judgment was rendered sustaining the attachment. Worthley appealed.

*John J. and E. C. Hornor* for appellant.

The court erred in sustaining the motion to strike out the counter-affidavit. Before appellant's individual property would be liable to seizure under attachment, he must first have participated in the act which was alleged as a ground for attachment. Attachment statutes are strictly construed in favor of those against whom they may be employed. 1 Wade Att., sec. 3. See sec. 309, Mansf. Dig.

Where the action is against several, who are jointly and severally liable as partners or otherwise, the existence of sufficient grounds for attaching the property of one of them will not support an attachment of the property of any of the others. Wade on Attach., sec. 52; Drake Attach., sec. 37; 29 Kan., 730; 25 Hun., 395; 25 Hun., 84; 20 Mich., 289.

The property of an innocent partner will not be subject to attachment on a ground existing against his copartner alone. 2 Bates on Part., sec. 1117.

*R. W. Nichols and John C. Palmer* for appellees.

A partner is civilly liable for any act committed by a copartner in the course of the partnership business. 36 Ark., 268; 32 Ark., 733; 1 Bates on Part., secs. 461-465; Lindley on Part., 198, 199, 200; Waples on Att., 58, note 3; 51 Ill., 324; 34 La. Ann., 910; 64 How. Pr., 366.

PER CURIAM. Each defendant is answerable to the remedy by attachment under the statute for his own act, but not for that of his co-obligor. Mansf. Dig., sec. 309, subdivision 9.

The law confines the remedy to the actual wrong-doer. Acts of one partner, therefore, in the conduct of a partnership business, which warrant the issuance of an attachment against his property, will not warrant the condemnation of the individual property of a partner who has not participated in such an act, if seized under a writ issued against all the members of the firm.

The rule which holds an innocent partner responsible for the fraud of his copartner is only compensatory and was devised to prevent a failure of justice. None of the penalties for fraud can be visited upon an innocent partner; his body cannot be taken upon process as for a debt contracted through fraud by himself; and no more can the provisional remedy by attachment, which is purely statutory, be enforced against his individual property, when limited as ours is to the particular wrong-doer, unless some participation by him in the wrongful act is shown.

The question as to what are the rights of a firm creditor, who attaches partnership property in a writ against one member of the firm, or against all, when it is shown that one has committed a fraud in relation to the firm business, is not presented by the record. See 2 Bates Part., sec. 1117; *Williams v. Muthersbaugh*, 29 Kan., 730; *Hadley v. Bry-*

*ars*, 58 Ala., 139; *Inbusch v. Farwell*, 1 Black, 566; *Bryant v. Simoneau*, 51 Ill., 324.

Judgment condemning the property of Worthley is reversed and cause remanded for further proceedings.