### L. Leonard, Jr., v. W. B. Worsham.

Delivered March 12, 1898.

**1. Parties—Joinder of Co-owners—Damages to Personalty.**

To prevent a multiplicity of suits joint owners of personal property may be required to sue jointly for damages thereto; but where defendant fails to insist at the trial upon his right to abate the suit for non-joinder and the recovery in behalf of a part owner plaintiff is limited to the extent of his own interest in the property, the objection of non-joinder should be disregarded.

**2. Partnership Owners—Levy—Presumption.**

Where a creditor of a non-trading firm of two members makes a levy upon the interest of one of them in certain personal property, but not a levy upon a partnership interest as provided by statute, and there is no evidence as to liabilities of the firm, the presumption is that they own such partnership property in equal interests, and the liability of the creditor for a wrongful seizure will be measured accordingly.

APPEAL from Clay. Tried below before Hon. EMMETT PATTON.

*L. C. Barrett* and *Stine, Chestnut & Hunt,* for appellant.

*J. A. Templeton,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellant, L. Leonard, Jr., brought this suit against appellee Worsham to recover one-half the value of a quantity of sorghum and oats taken from the joint possession of himself and L. Leonard, Sr., at the instance of Worsham, who had a judgment against the senior Leonard, and caused the entire property to be seized and sold under execution as his property.

It is contended on the part of Worsham that L. Leonard, Sr., was a necessary party to this suit. The answer to this is that he failed to have the court act upon his exception to the petition for nonjoinder, or to plead the matter in abatement, but himself caused him to be made a party to the suit. In order to prevent a multiplicity of suits, the joint owners of personal property may be required to bring a joint action for the recovery of damages thereto, but if the defendant fails to insist upon his rights to abate the suit, and the recovery in behalf of a part owner is limited by the extent of his interest in the property, the objection of nonjoinder should be disregarded. May v. Slade, 24 Texas, 205; Roland v. Murphy, 66 Texas, 534; Freem. on Coten. and Par., sec. 358; 1 Suth. on Dam., 2 ed., sec. 134.

The further defense was interposed by Worsham that the two Leonards were partners, and that the property seized belonged to the firm; upon which the further contention is founded that, as the partnership was unsettled and owed debts, L. Leonard, Jr., was not entitled to recover, because he failed to show what, if anything, he would be entitled to upon a winding up of the partnership. The existence of the partnership was separately denied under oath by both Leonards, though the petition of L. Leonard, Jr., alleged a joint ownership and prayed for general relief.

In Johnston v. Ballard, 83 Texas, 486, Chief Justice Gaines, speaking for the court, said: "Where there is no evidence except the mere fact that a partnership exists, a rule that the partners hold unequal shares in any distinct proportion would necessarily be arbitrary; but we know that each has some interest, and justice would seem to demand that their interest should be presumed to be equal."

In the case at bar we are of opinion that the evidence showed at least a nontrading partnership, and applying this presumption, we must hold that the evidence showed prima facie that each of the Leonards owned a half interest in the partnership property in question. The levy was not made upon the interest of L. Leonard, Sr., as provided by our statute where the interest of a partner in partnership property is authorized to be levied on. Rev. Stats., art. 2352. As appellee Worsham caused the property to be seized and taken from the possession of appellant, he

was guilty of a trespass, though it was partnership property, and it does not lie in his mouth to insist that appellant must show what would be due him upon a settlement of the partnership as a prerequisite to any recovery.

Each partner of a firm is liable for all its debts, and is entitled to have at least his share of the assets out of which to pay such debts. So much thereof as would be required to pay the firm debts certainly does not belong to a trespasser, and as prima facie the interests of the partners are equal, one partner should be allowed to recover as such part owner at least his proportion of the value of the property so converted— the defense of nonjoinder of the other partner, as in this case, having been waived.

The allegation that appellant owned a half interest was therefore sustained even by the proof of partnership. The defense so alleged was therefore unavailing, and it was error for the court to have instructed, as was done, a verdict for the appellee.

The judgment will consequently be reversed and the cause remanded for a new trial.

*Reversed and remanded.*