CARLISLE ET AL. VS McALESTER ET AL.

Opinion delivered October 26, 1899.

*1. Partnership—Trespass—Right to Sue.*

One partner may maintain an action for trespass on partnership property; and an objection for non-joinder of his co-partners can only be taken by plea in abatement, or by way of apportionment of the damages on the trial.

*2. Partnership—Attachment—Interest of Individual Partner.*

An officer cannot take possession of partnership property to the exclusion of the possession of other partners, under an attachment against one of the partners; and if he does so he commits a trespass, for which he may be called upon to respond in damages.

*3. Partnership—Attachment—Statutory Procedure.*

The first clause of the third subdivision of Sec. 320, Mansf. Dig. (Ind. Ter. Stat. Sec. 342) provides the method of levying upon the interest of one partner in the partnership property.

Appeal from the United States Court for the Northern District.

W. M. SPRINGER, Judge.

Action by T. J. Carlisle and another against James J. McAlester and others. Judgment for defendants Plaintiffs appeal. Reversed.

On April 26, 1895, this action was commenced by plaintiffs, appellants here, who allege in their complaint: That they and S. C. Blake, F. L. Blake, and N. C. Blake composed the firm of S. C. Blake & Co., and that the defendant James J. McAlester was appointed United States

marshal, and that he executed a bond for the faithful performance of his duties, with the other defendants, appellees here, as sureties on said bond; and set out said bond in their complaint.    That on December 19, 1894, the firm of Blake & Co., composed as above set forth, were doing business at Wahillah, Cherokee Nation, Ind. T., and on that day defendant McAlester, having in his hands a writ of attachment against the firm of Blake & Choate, certain members of which firm were members of the firm of Blake & Co., levied upon and took possession of the stock of goods, fixtures, etc., and the place of business, and kept the plaintiffs out of possession of their property until January 3, 1895, when plaintiffs, to get possession, were compelled to give a forthcoming bond, whereby plaintiffs' business was largely broken up, and the credit injured, to their damage $1,500.    That, at the time, plaintiffs' business was in good condition; and said plaintiffs state that they were in no wise connected with the firm of Blake & Choate, and not liable for their debts, and ask judgment for $2,000 and costs.    On December 2, 1897, defendants demurred to plaintiffs' complaint, and say "the same is insufficient in law," and ask judgment of the court. On same day court sustained the demurrer.    Plaintiffs excepted, and on same day plaintiffs, by leave of court, add by amendment a second count to their complaint, and allege: That both said plaintiffs are members of the Cherokee Nation of Indians.    That on the 19th December, 1894, the firm of Blake & Co. was composed of plaintiffs and S. C. Blake, and no other person, who were doing business, and were the owners of and had in their possession a certain stock of goods, wares, and merchandise.    That on said day defendant McAlester, as marshal, having writ of attachment against Blake & Choate, in which last-named firm S. C. Blake was a member, as well as being a member of the firm of Blake & Co., in which writ of attachment neither of these plaintiffs was named as defendant, and the attachment bond

not running to either plaintiffs, forcibly and unlawfully, and without compliance with the statute in regard to levying writs of attachment upon property of the defendant in such writs held jointly or in common with another person, as provided in section 324, Mansf. Dig. (section 346, Ind. T. Ann. St. 1899,) in this, to wit, "that he failed to procure to be executed by the plaintiff a bond by one or more sufficient sureties of the plaintiff in the attachment suits to the effect that they should pay to these plaintiffs the damages they might sustain by the wrongful suing out of the order, took possession of the stock of goods, fixtures, etc., of Blake & Co., and forcibly and unlawfully took possession of these plaintiffs' place of business, and kept these plaintiffs out of possession of their property, as aforesaid, until the 3d day of January, 1895, when, in order to get possession of the same, plaintiffs were compelled to give a forthcoming bond. That at the time of levying said writ of attachment the mercantile business of these plaintiffs was in good condition, their daily sales averaging not less than $50 per day, and that their goods were in excellent condition. Plaintiffs further state that neither of these plaintiffs was in any wise connected with the firm of Blake & Choate, or had any interest whatever in the mercantile business of said firm, and was not in any manner liable for the payment of their debts, and that at the time of the levy of the writ of attachment hereinbefore referred to these plaintiffs were doing a good business, and that by reason of the levy of said writ and the unlawful seizure of their said goods and place of business these plaintiffs lost the benefit of their daily sales for the period of 15 days, and that their business was almost wholly wrecked, their standing in the commercial world greatly injured, and their credit with wholesale and jobbing houses for a long period of time, by reason of such seizure, almost entirely destroyed; that these plaintiffs have been damaged in the sum of $2,000." On same day defendants demurred to

amended complaint which was overruled. Defendants excepted, and thereupon defendants file their answer, and admit citizenship of parties as alleged by plaintiffs, and that McAlester was appointed marshal, and gave bond as alleged by plaintiffs, but deny that on December 19, 1894, the firm of Blake & Co. was composed as alleged; deny that defendant McAlester levied upon the property claimed by plaintiffs as alleged, and deny plaintiffs were kept out of possession, and had to give forthcoming bond, as alleged; deny their plaintiffs were broken up, or their credit injured, or that they were damaged $1,500, or any other sum; deny that when attachment was levied plaintiffs' mercantile business was in good condition, or that they were not connected with Blake & Choate, and deny they were not liable for the payment of the debts of Blake & Choate; and defendants allege that, if Blake & Co. existed independently of Blake & Choate, the goods and merchandise of the two firms were so intermingled that it was impossible for the marshal or any one else to determine which goods belonged to one firm and which to the other; allege that S. C. Blake contributed a large portion of the capital of Blake & Co., and that his interest was subject to attachment levied; allege that the attachment was against Blake & Choate and Blake & Co., and that S. C. Blake was a member of both firms. Defendants further deny that said marshal acted forcibly and unlawfully and without complying with the statute 'as provided in section 324, Mansf. Dig. (section 346, Ind. T. Ann. St. 1899,) in this, to wit, "that he took possession of said property without requiring plaintiffs to give bond, as alleged in said amendment to the complaint, but they state the facts to be that said defendant McAlester had no knowledge or notice of who composed the firm of Blake & Choate other than that disclosed by the writ, and that these plaintiffs gave him no notice at the time of the levy, and demanded no bond; wherefore they say plaintiffs are estopped from claiming

damage from said defendants. Defendants, further answering, say that plaintiffs are not entitled to recover any damages by reason of defendant McAlester neglecting to require plaintiffs to give bond, if he did neglect such requirement, for the reason that the attachment sued out herein has been sustained by the court, and no recovery could be had on said bond by the plaintiffs if the same had been given. Defendants, further answering, say that they deny that the firms of Blake & Choate and Blake & Co. were in any wise connected, but allege the fact to be that the business of the two firms was so mixed and intermingled that it was impossible for the plaintiffs in the attachment suits or the marshal to segregate or separate the property of the different firms if they had been owned separately, and for this reason defendants say plaintiffs are estopped from claiming damage on account of the levy of the writs complained of.'' The case was tried to a jury, and at close of plaintiffs' testimony defendants moved the court to instruct the jury to return a verdict for the defendants, which motion was sustained by the court, whereupon the jury found the issues for the defendants, and judgment was rendered upon the verdict. Plaintiffs moved for a new trial, which was overruled by the court, and plaintiffs appealed to this court.

*William T. Hutchings* and *Preston C. West*, for appellants.

*Stuart, Lewis & Gordon* and *N. B. Maxey*, for appellees.

TOWNSEND, J.   The appellants have filed five specifications of error, which are as follows: ''The court below erred:   First, in overruling plaintiffs motion for new trial; second, in sustaining the demurrer of the defendants to the original complaint of the plaintiffs; third, in instructing the jury, at the conclusion of the testimony of T. J. Carlisle, to

return a verdict for the defendants; fourth, in refusing to set aside the verdict because it was contrary to the evidence; fifth, in refusing to set aside the verdict because it was contrary to the law.

There are discussed in this case by counsel practically only two questions, and upon their decision rests the result of this case, at least so far as this appeal is concerned:

1. Can the appellants, plaintiffs below, maintain this action, as appears from this record? The court below held that the action could nòt be maintained except by joining S. C. Blake, the third partner. The action is for damages for a trespass upon partnership property by the appellee, defendant below, levying upon and taking into his possession said property under a writ of attachment against the one partner, S. C. Blake, and in which the appellants, who were the other two members of the partnership, were not parties. The appellants contend that this question must be raised by defendant by plea in abatement, or by way of apportionment of the damages on the trial, where the action is ex delicto, **Non-joinder of parties.** and we are of the opinion that this is the correct rule. "Again, this action can be maintained in its present form by one of the partners. In actions in form ex delicto, and which are not for the breach of the contract, if a party who ought to join, be omitted, the objection can only be taken by plea in abatement, or by way of apportionment of the damages on the trial; and the defendant cannot, as in actions in form ex contractu, give in evidence the non-joinder as the ground of nonsuit on the plea of general issue, or demur, or move in arrest of judgment, or support a writ of error, though it appear on the face of the declaration or other pleadings of the plaintiff that there is another party who ought to have joined; and if one of several part owners of a chattel sues alone for a tort, and the defendants do not plead in abatement, the other part owners may afterwards sue alone for

the injury to their individual shares, and the defendants cannot plead in abatement of such action.   1 Chit. Pl. (4th Am. Ed. ) p. 56; Colly. Partn. § 671; Gibson vs Stevens, 7 N. H. 352; Newman vs Bean, 21 N. H. 93." Garvin vs Paul, 47 N. H. 164; Deal vs Bogue, 20 Pa. St. 228; Pascal vs Ducros, 41 Am. Dec. 294.   The same question has quite recently been before the Court of Civil Appeals of Texas in Leonard vs Worsham, 45 S. W. 336, and the court say: "It is contended on the part of Worsham that L. Leonard, Sr., was a necessary party to this suit.   The answer to this is that he failed to have the court act upon his exception to the petition for nonjoinder, or to plead the matter in abatement, but himself caused him to be made a party to the suit.   In order to prevent a multiplicity of suits, the joint owners of personal property may be required to bring a joint action for the recovery of damages thereto, but, if the defendant fails to insist upon his right to abate the suit, and the recovery in behalf of a part owner is limited by the extent of his interest in the property, the objection of nonjoinder should be disregarded.   May vs Slade, 24 Tex, 205; Rowland vs Murphy, 66 Tex. 534, 1 S. W. 657; Freem. Co-Ten. § 358; 1 Suth. Dam. (2d Ed.) § 134."

2.   Was the seizure of these goods legal, or did it constitute a trespass?   In a suit against one member of a partnership for his individual debt, and a judgment in such action, and execution upon said judgment, the only possession that the officer can take of parnership property is under section 3016, Mansf. Dig. (section 2131, Ind. T. Ann. St. 1899), as follows: "When a claim is asserted by the joint owners or partners to the property levied upon, the officer shall not, by virtue of his levy, deprive the joint owners or partners of the possession of the property levied upon, except for the purpose of making an inventory thereof and having the same appraised." Can an absolute possession of the partnership property be taken by an officer under an attachment,

in the first instance, to secure the payment of such a judgment as against the other partners? We do not think such possession is contemplated by the attachment statutes of Arkansas. It is, at this day, clear beyond question that the only interest a single partner has in partnership property that can be sold to satisfy his individual debt is his interest in the surplus after the discharge of all partnership indebtedness, and an adjustment of the equities of the members of the firm upon a final accounting. This interest is indefinite and uncertain. It may be more or less, or nothing at all. An examination of the authorities of the different states shows great differences of opinion in the method to be pursued by the officer in subjecting the individual partner's interest. In Arkansas it has been held that the individual property of an innocent partner is not subject to attachment at the instance of a firm creditor for the fraud of a co-partner. Worthley vs Goodbar, 53 Ark. 1, 13 S. W. 216. In Bartlett vs Grocer Co., 45 S. W, 1063, the Supreme Court of Arkansas, in discussing the rights of creditors to partnership assets, lay down the doctrine that "creditors of insolvent partnerships have an equity in the firm assets entitling them to payment in preference to creditors of individual members of the firm, which cannot be extinguished by a general assignment by the firm for the benefit of creditors," and quote as the correct doctrine the Supreme Court of the United States in Hollins vs Iron Co., 150 U. S. 385, 14 Sup. Ct. 130: "Whenever, a partnership becoming insolvent, a court of equity takes possession of its property, it recognizes the fact that in equity the partnership creditors have a right to payment out of these funds in preference to individual creditors, as well as superior to any claims of the partners themselves;" and the court say this is an old and firmly established doctrine of equity, recognized generally in the works on partnership and equity jurisprudence, and in the adjudications of many courts, and cite Story, Partn. § 376; 1. Pars.

Partn. §§ 382, 946, etc.; Colly, Partn. § 920; Smith, Eq. §
547, note 2; 2 Lindl. Partn. § 692; 2 Bates, Partn. § 825; 2
Pom. Eq. Jur. § 1046;Story, Eq. Jur §§ 1207–1253; 2 Beach,
Mod. Eq. Jur. § 788; Bish. Eq. § 515; Inbusch vs Farwell, 1
Black, 566; Murrill vs Neill, 8 How. 414; Crooker vs Crooker,
52 Me. 267; Treadwell vs Brown, 41 N. H. 12; Whaling Co.
vs Borden, 10 Cush. 458; Hill vs Beach, 12 N. J. Eq. 31;
Simmons vs Tongue, 3 Bland, 356; Converse vs McKee, 14
Tex. 20; Murray vs Murray, 5 Johns. Ch. 72 et seq.; Mc-
Culloh vs Dashiell, 1 Har. & G. 99; Giovanni vs Bank, 55
Ala. 310; Davis vs Howell, 33 N. J. Eq. 72; Ex parte Crow-
der, 2 Vern. 706; Ex parte Cook, 2 P. Wms. 500; Ex parte
Hunter, 1 Atk. 223, 227, 228; Ex parte Elton, 3 Ves. 242,
note; Bish. Insolv. Debtors, § 167.    We think the correct
doctrine to be that the officer cannot take possession of the
partnership property to the exclusion of the possession of
the innocent partners under an attachment against one of
the partners, and, if he does so, he commits a trespass, for
which he can be called upon to respond in damages.    See 2
Bates Partn. p. 1089, § 1106; Wap. Attachm. p. 183; Sanborn
vs Royce, 132 Mass. 594; Russell vs Cole (Mass.) 44 N. E.
1057; Duborrow's Appeal, 84 Pa. St. 404; Garvin vs Paul,
supra; Haynes vs Knowles, 36 Mich. 407; Sirrine vs Briggs,
31 Mich, 443; Hutchinson vs Dubois, 45 Mich. 143, 7 N. W.
714; Deal vs Bogue, supra; Morrison vs Blodgett (N. H.) 29
Am. Dec. 653; Pascal v. Ducros, supra.    In George, Partn.
pp. 141–152, § 58, the whole question is fully discussed, and
the learned author arrives at the same conclusion, after an
elaborate consideration of the authorities and the principles
involved.    But the attachment statutes of Arkansas, in our
judgment, do not contemplate the seizure of the partnership
property by the officer in an attachment against one of the
partners.    In the case at bar the positive provisions of the
statute were not complied with, because no bond was exe-
cuted to the appellants.    Section 312 Mansf. Dig. (section

334, Ind. T. Ann. St. 1899). See, also, Shinn, Attachm. §§ 153, 168. Section 320, Mansf. Dig. (section 342, Ind. T. Ann. St. 1899), directs the mode of making a levy by attachment. The second and third subdivisions are as follows: "Second. Upon personal property, capable of manual delivery, by taking it into his custody and holding it subject to the order of the court. Third. Upon other personal property, by delivering a copy of the order, with a notice specifying the property attached, to the person holding the same; or, as to a debt or demand, to the person owing it; or, as to stock in a corporation, or property held, or a debt or demand owing by it, to the chief officer, or to the secretary, cashier, treasurer or managing agent thereof, and by summoning the person or corporation to answer as a garnishee in the action. The sheriff shall deliver copies to and summons such persons as garnishees as plaintiff may direct." The first clause of the third subdivision it would seem was contemplated in levying upon the interest of one partner in a partnership. To permit a creditor of one partner to seize the entire property of the firm to the exclusion of the other partners is permitting a creditor of the partner to do what the partner himself cannot do. This is absurd in principle, and these Arkansas attachment statutes, in our judgment, never contemplated such a proceeding. Whether section 324 (346) was intended to cover partnership assets we do not undertake to say. We are of the opinion that the original complaint was good, and the demurrer to the same should have been overruled; but, if section 324 (346) does apply, then no bond was given as is required by said section, and the marshal was not authorized to levy and take possession of the property to the exclusion of appellants. We are therefore of the opinion that the judgment of the court below should be reversed, and the cause remanded for further proceedings.

CLAYTON and THOMAS, JJ., concur.