Allen, J.
The sole question in this case is whether the debt owed by Justus Brown to his copartner’, William. A. Brown, evidenced by the note for $1,585, upon which note the Court of Appeals found $1,627 to be still due, gives William A. Brown a lien upon the interest of Justus Brown in the partnership, superior to the chattel mortgage lien held by Almeda Sprague.
If the note which Justus Brown executed, payable to his brother William A. Brown, is a partnership obligation, obviously that obligation must be paid before any of the surplus arising from the interest of Justus Brown in the partnership, after the payment of partnership debts and court costs, is applied upon the chattel mortgage belonging to Almeda Sprague, who is a creditor, not of the partnership, but of Justus Brown.
If the note due William A. Brown is an individual obligation of Justus Brown, then it must take its turn with the other individual obligations of Justus Brown not secured by lien, subject to the chattel mortgage held by Almeda Sprague, unless the fact that William A. Brown was a copartner and the money loaned Justus Brown by William A. Brown was used for partnership purposes gives William A. Brown a first lien upon the interest of Justus Brown in the partnership.
In this connection it is significant to inquire when the debt of Justus Brown to William A. Brown was created. The journal entry of the Court of Appeals makes the following finding of fact:
“That at the time of entering into said partnership in March, 1920, said William A. Brown fur *233 nislied to said Justus Brown, money and property consisting of live stock and feed, which were put into the partnership assets, representing the share of the said Justus Brown, and that said money and property so furnished by the said William A. Brown to Justus Brown aggregated the sum of $1,885, which said sum was used in the partnership for partnership purposes. * * *”
The fact that this debt was entered into, not after the making of the partnership contract, but contemporaneously with the making of that agreement, indicates that the debt is not a debt of the partnership, but a personal obligation of Justus Brown. Since the partnership was still in process of formation when the debt was created, it is a fair inference that in the giving of that loan William A. Brown must have relied upon Justus Brown individually rather than upon the partnership.
Moreover, there is other evidence in the record which shows that the debt of Justus Brown to William A. Brown is plainly an individual obligation. The note is signed individually by Justus Brown. The money was loaned to Justus Brown in order that he might get household supplies, stock, and goods upon his personal agreement to do one-half of the furnishing of the farm. The mere fact that money loaned upon personal credit is used in the partnership business does not make the debt a partnership obligation, the law still being that a debt is the obligation of the party who contracts it. However, the Court of Appeals, which gave no reason for its conclusion of law, seems to hold that the debt owing to William A. Brown is to be preferred, because the money was used in partnership business. But if Justus Brown had borrowed money upon his per *234 sonal note from a bank, and that money had all been expended in the purposes of the partnership, the bank would be compelled to postpone its claim to the satisfaction of the chattel mortgage held by Almeda Sprague. (Norwalk Natl. Bank v. Sawyer, 38 Ohio St., 339.) How does William A. Brown stand in any better position than the bank or any third person in the enforcement of his claim against Justus Brown?
The fact that the money was used for partnership purposes gives William A. Brown no superior equity. It was none the less an individual loan; a loan made to Justus Brown, and not to the partnership. Once having loaned that money to Justus Brown on his personal note, it made no difference to William A. Brown how it was used. If the money loaned was lost in the partnership, it was no more a concern of William A. Brown than if lost by Justus Brown in individual enterprises.
The fact that William A. Brown is a member of the partnership gives him no superior equity. He hazarded his money in the loan no more and no less than any individual creditor of Justus Brown would have done. The insolvency of Justus Brown entailed no greater loss to William A. Brown because of the fact that he was Justus Brown’s copartner than it would have entailed to any other creditor not a member of the partnership.
The defendant in error has cited a number of cases as being in his favor upon this point. They are all distinguishable upon the facts. The case of Whitmore v. Shiverick, 3 Nev., 288, and the case of Deeter v. Sellers, 102 Ind., 458, 1 N. E., 854, hold that a partner cannot mortgage nor sell either his *235 own interest in partnership property, or partnership property, so as to deprive his copartners of their rights in partnership property for the settlement of partnership liabilities. .
The question in Jones v. Way, 78 Kan., 535, 97 Pac., 437, 18 L. R. A. (N. S.), 1180, was whether a third party has a right to buy one partner’s interest without the consent of the other partners. The case of Taylor v. Farmer (Ill.), 4 N. E., 370, lays down the rule that a partner who has made advances to pay firm debts has a lien on the firm assets for those advances. The case of Sanborn v. Royce, 132 Mass., 594, holds that the seizure and removal of personal property belonging to a partnership on mesne process against a member of the partnership for his private debt constitutes a trespass. In this ease there was nothing to indicate that the seizure took place after partnership debts had been paid. The case of Mayer v. Garber, 53 Iowa, 689, 6 N. W., 63, Is to the effect that when a firm is insolvent there is no interest left which the individual partner can dispose of as individual property.
With these propositions this court is entirely in accord; but they are not decisive of the question in this case, which is whether a partner who lends money and furnishes personal property to his co-partner upon the individual credit of the copartner has a priority over third parties when it comes to the payment of the individual debts of the copartner out of the surplus left after payment of all partnership obligations.
The defendant in error has cited the holding in Nixon v. Nash, 12 Ohio St., 647, 80 Am. Dec., 390, and claims that the syllabus in that case re *236 quires that the judgment of the Court of Appeals in the instant case be affirmed. The facts in the Nixon case are as follows: The plaintiffs sued Nash and Atkison, claiming that a judgment had issued in their favor against Nash, and that execution had been levied upon Nash’si interest in the personal property of the partnership. Subsequent to levy of execution, the petition showed that Nash and Atkison dissolved partnership, and Atkison became the owner of the property. The petition asked for an accounting of the interest of Nash in the partnership, the appointment of a receiver, and a sale of Nash’s interest to satisfy the judgment. In proposition 2 of the syllabus the court holds:
“Each partner holds his interest in the joint property subject to a trust for the partnership creditors and the claims of his several copartners, so that the beneficial interest of each, is his residuary share, after the partnership accounts are settled and the rights of the parties inter sese adjusted.”
The defendant in error claims that in order for the rights of the parties) inter sese to be adjusted in this case, Justus Brown must pay William A. Brown his (Justus Brown’s) personal note to his brother, and that no surplus is left for distribution until after this particular personal note of Justus' Brown to William A. Brown is paid.
The court is of the opinion that this syllabus cannot be so applied. Plainly the adjusting of “the rights of the parties inter s'ese,” described in the Nash syllabus, must relate to the settlement by the parties of partnership claims, not to the settlement of their individual claims. It was never intended that the Nash case should give rise to the doctrine *237 Jhat partners have a preference for debts owing them from individual copartners over other creditors of individual copartners. Such never was the • law. See 30 Cyc., p. 456, note 92, and cases cited.
The facts of the Nixon case are totally different from those in the case at bar; they stand only for the proposition that the separate creditor can by execution acquire a lien upon his debtor’s interest in the joint assets of the partnership, and that haring acquired such a lien the separate creditor, after levy and before sale, can bring an action in accounting to ascertain the extent of the debtor partner’s interest in the goods seized. There is no reason nor equity in the proposition that a partner who has made a loan to his copartner should be preferred above other creditors, to whatever purpose the loan may be applied; and' upon the proposition urged, that the partner should be preferred because the money was used for partnership purposes, Peterson v. Roach, 32 Ohio St., 374, and Norwalk Nat. Bank v. Sawyer, 38 Ohio St., 339, squarely apply. The first proposition of the syllabus in the latter ease reads as follows:
“Money borrowed by one partner, on his individual credit, will not become a debt of the firm by being used in its business; and the rule is not different where the money was loaned for the purpose of enabling such partner to pay to the firm his portion of a specified sum which each partner had agreed to contribute in order to increase the firm’s capital.”
The debt of Justus Brown to William A. Brown is therefore inferior to the lien of the chattel mortgage held by Almeda Sprague.
*238 Judgment of the Court of Appeals reversed, and judgment for plaintiffs in error.

Judgment reversed, and judgment for plaintiffs m error.

Marshall, C. J., Wanamaker, Jones, Matthias and Day, JJ., concur.